THE STATE, EX REL. WESTCHESTER ESTATES, INC.,
APPELLEE, *v.* BACON, APPELLANT.

[Cite as State, ex rel. Westchester, v. Bacon (1980),
61 Ohio St. 2d 42.]

(No. 79-284—Decided January 9, 1980.)

*Messrs. Petersen & Pasqualone, Mr. Jerry A. Petersen* and *Mr. Terry G. Pasqualone,* for appellee.

*Mr. John F. Norton,* prosecuting attorney, and *Mr. Richard J. Makowski,* for appellant.

CELEBREZZE, C. J. In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41. Because the doctrine of *res judicata* is insufficient in the case at bar to place appellant Bacon under a clear legal duty to grant the certificates, we must reverse the Court of Appeals and deny the writ.

*Res judicata* is the sole basis given for the decisions below. In order for a prior decision to act as a bar there must be identity of parties or their privies and identity of issues. *Whitehead* v. *Genl. Tel. Co.* (1969), 20 Ohio St. 2d 108. If the prior cause of action involves identical issues, then that prior cause of action is conclusive of the rights, questions and facts in issue as between the parties or their privies. If identical causes of action are involved, the prior action is *res judicata.* If different causes of action are involved but some issues are identical, the earlier decision can be used to bar litigation of identical issues in the later case under the doctrine of collateral estoppel.

Appellant Bacon, as zoning inspector, claims that he was not a party or privy in the earlier action. In *Trautwein* v. *Sorgenfrei* (1979), 58 Ohio St. 2d 493, this court, at page 501, held that it "must look behind the nominal parties to the substance of the cause [of action] to determine the real parties in interest." Under R. C. 519.14, the Board of Zoning Appeals is authorized to hear and decide appeals from decisions made by an administrative official in the enforcement of R. C. Chapter 519. In deciding these appeals the board can make any order and use all the powers of the officer from whom the appeal is taken. In *Westchester Estates* v. *Bain-*

*bridge, supra,* the decision of the zoning inspector was appealed to the board and then to the courts. As a consequence, the board, which was the named party, stood in the zoning inspector's place, and the zoning inspector, despite the fact he was not a named party, must be considered to have been a party or privy to that action. The fact another man was zoning inspector is not relevant. It is the official, not the man, who is the party in the case at bar.

In *Trautwein, supra,* this court ruled that where the material issue had been disposed of in an earlier action, an alleged change of circumstances did not necessarily prevent the doctrine of *res judicata* or collateral estoppel from barring a later cause of action. Where, however, there has been a change in the facts in a given action which either raises a new material issue, or which would have been relevant to the resolution of a material issue involved in the earlier action, neither the doctrine of *res judicata* nor the doctrine of collateral estoppel will bar litigation of that issue in the later action.

In the case at bar there has been a change in the facts since the Court of Appeals rendered its decision. Instead of a 43 acre tract devoted to 312 townhouses, appellee has changed the plan to 14 acres of townhouses and 28 acres of single family residences. In a mandamus action a clear legal duty to perform must be shown. Appellee was under a burden to demonstrate that the change in plan was not a relevant issue in deciding whether certificates for the townhouses are required to be issued by the zoning inspector. We can find no evidence in the record to support the issuance of the writ herein. On the contrary, in *Westchester Estates* v. *Bainbridge, supra,* the Court of Appeals found testimony by Malcolm Rockwood, a representative of Parkview Savings & Loan, to be especially significant. He testified that the last step of a development is in the developer's plans from the outset. If it had been established that the last step was not planned at the outset, then the Court of Appeals might not have determined that an unnecessary hardship would occur. This change in facts is relevant to a determination of whether certificates for the townhouses should issue. As a consequence, we must hold that neither the doctrine of *res judicata*

nor the doctrine of collateral estoppel is sufficient to place appellant under a clear legal duty to issue the certificates.*

In any further litigation there may well be many issues which appellant is collaterally estopped from presenting. Any relevant issue which was or could have been litigated in the earlier case must be ruled to have been decided against appellant. Only issues arising due to the change of facts can be effectively raised by appellant.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

* In addition to finding that there is no clear legal duty, we have grave reservations about granting a writ of mandamus on *res judicata* grounds when, if there was truly an identity of issues (which there is not), a finding of contempt would be available in the court issuing the original order. Although we do not render our decision on this basis, this appears to be an adequate remedy at law.