THE STATE, EX REL. RICHARD, APPELLANT, *v.* CITY OF
SPRINGFIELD, APPELLEE.

[Cite as State, ex rel. Richard, *v.* Springfield (1990), 48 Ohio St. 3d 65.]

(No. 88-1820 — Submitted October 24, 1989 — Decided January 10, 1990.)

*Brannon, Hall & Tucker* and
*Michael L. Tucker,* for appellant.

*Patrick J. Bonfield,* law director,
for appellee.

*Per Curiam.* Mandamus will lie
only if a relator can establish that he
has a clear legal right to the relief
prayed for, that respondent is under a
clear legal duty to perform the re-
quested act, and that relator has no
plain and adequate remedy at law.
*State, ex rel. Westchester Estates, Inc.,*
v. *Bacon,* (1980), 61 Ohio St. 2d 42, 15
O.O. 3d 53, 399 N.E. 2d 81.

R.C. 124.50[1] is the statutory basis

---

[1] R.C. 124.50 provides:

"Any person holding an office or posi-
tion under the classified service in a fire
department or a police department who is
separated therefrom due to injury or
physical disability incurred in the perfor-
mance of duty shall be reinstated im-
mediately, or one suffering injury or
physical disability incurred other than in
the performance of duty may be reinstated, upon filing with the chief of the fire depart-
ment or the chief of the police department,
a written application for reinstatement, to
the office or position he held at the time of
such separation, after passing a physical ex-
amination showing that he has recovered
from the injury or other physical disability.
The physical examination shall be made by
a licensed physician designated by the
firemen's pension board or the policemen's

for reinstatement of a policeman after separation due to an injury or following a resignation. If the separation was due to an injury incurred in the performance of duty, the applicant *must* be reinstated immediately to the position formerly held, after passing a physical examination showing recovery from the injury, provided written application is made within five years from the date of separation. If separation resulted from an injury incurred other than in the performance of duty, the applicant *may* be reinstated subject to the same conditions.

On the other hand, if the applicant resigned from the position formerly held, he *may* be reinstated upon written application filed within one year of the resignation, subject to his passing an examination which discloses that the applicant is physically fit to perform the duties of the position.

The seminal question is whether relator was separated or resigned.

"Separation" means "termination of a contractual relationship (as employment or military service)." Webster's Ninth New Collegiate Dictionary (1984) 1073. On the other hand, "to resign" is to "give up deliberately; *esp*: to renounce (as a right or position)

by a formal act." Webster's Ninth New Collegiate Dictionary (1984) 1003.

A "separation" is an ending of a status. For relator it was the cessation of his position with the police department. "Resignation," in accordance with the foregoing definition and in the context of R.C. 124.50, is a more radical change in circumstances connoting the relinquishment of current as well as future opportunities. In view of all the ramifications of the agreement we must decide whether relator was separated from his position or formally waived his rights as delineated in the release. If the former, there would be little reason for the city to pay relator $41,000 and make the other concessions. It is clear that relator consciously surrendered his rights in payment of a consideration; this was more than the last step in his police career.

Although the court of appeals determined that relator's injury was incurred in the performance of duty, it also determined that relator had resigned. One of relator's reasons for termination of employment was the in-service injury, but there were other reasons, as the court of appeals found.

Relator must sustain the burden of showing that he has a clear legal right

---

pension board, within two weeks after application for reinstatement has been made, provided such application for reinstatement is filed within five years from the date of separation from the department, and further provided that such application shall not be filed after the date of service eligibility retirement.

"Any person holding an office or position under the classified service in a fire department or a police department, who resigns therefrom, may be reinstated to the rank of fireman or policeman, upon the filing of a written application for reinstatement with the municipal or civil service township civil service commission and a

copy thereof with the chief of the fire department or chief of the police department, and upon passing a physical examination disclosing that the person is physically fit to perform the duties of the office of fireman or policeman, the application for reinstatement shall be filed within one year from the date of resignation. Any person reinstated pursuant to the authority of this paragraph shall not receive credit for seniority earned prior to resignation and reinstatement, and shall not be entitled to reinstatement to a position above the rank of fireman or patrolman, regardless of the position the person may have held at the time of his resignation."

to the relief sought. In this effort, he has failed. *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Indus. Comm.* (1954), 162 Ohio St. 302, 55 O.O. 176, 123 N.E. 2d 23.

While the city has discretion to grant an application for reinstatement following a resignation, it has no duty to do so. Further, regarding resignations, written application must be filed within one year following the resignation. Relator resigned on October 21, 1983, and applied for reinstatement on February 9, 1987. Thus, relator's application for reinstatement was untimely.

Moreover, relator is bound by the terms of the release executed on October 24, 1983. This release, *inter alia,* released the respondent from all "* * * claims and demands of any kind or description whatsoever, whether arising out of contracts or otherwise, in law or equity, which I [relator] now have * * * or which I * * * may have arising out of any matter whatever to the date hereof including without limitation on the foregoing, any action, cause of action, suit, debt, sum of money, claim and demand of any kind or description * * *."

Having accepted a consideration for the release upon which the city relied, relator cannot now deny his commitment to give up any rights he had to pursue a claim for reinstatement to his former position with the police department. *State, ex rel. Wright,* v. *Weyandt* (1977), 50 Ohio St. 2d 194, 4 O.O. 3d 383, 363 N.E. 2d 1387. Therefore, relator cannot contend that the release should not bar his rights under R.C. 124.50 on the basis that he did not understand the impact of his release of rights. *Connelly* v. *United States Steel Co.* (1954), 161 Ohio St. 448, 456, 53 O.O. 350, 354, 119 N.E. 2d 843, 847-848.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., concur in judgment only.