[The STATE ex rel.] KEST, Treasurer,

v.

**BOARD OF COMMISSIONERS OF LUCAS COUNTY et al.**

[Cite as *Kest v. Lucas Cty. Bd. of Commrs.* (1992), 79 Ohio App.3d 253.]

Court of Appeals of Ohio,
Lucas County.

No. L-92-044.

Decided April 15, 1992.

*Ray T. Kest, pro se.*
*Lucas County Board of Commissioners et al., pro se.*

*Per Curiam.*

This cause is before the court on a petition for writ of mandamus. Relator, Ray T. Kest, Treasurer of Lucas County, asks this court to issue a writ which orders respondents, the Board of Commissioners of Lucas County, and David Lewandowski, Auditor of Lucas County, to allow relator fees allegedly owed to him pursuant to R.C. Chapter 321. Respondents filed a motion to dismiss, relator filed a memorandum in opposition to that motion, and respondents filed a reply to that memorandum.

In his petition, relator alleges that pursuant to R.C. 321.24(E), 321.24(F) and 321.26, the county treasurer is allowed certain fees for continuing services involved in the collection of taxes. He contends that respondents have unlawfully refused to fulfill this statutory duty, thereby preventing him from satisfying his statutory duty of collecting taxes for the benefit of the residents of Lucas County and the townships and school districts within Lucas County. Relator states that he has no plain, adequate and speedy remedy at law.

In their motion to dismiss, respondents assert that relator has (1) not established a legal right to relief and (2) failed to establish that respondents have a clear legal duty to perform the requested acts, *i.e.,* funding is discretionary and/or is not required by statute, and (3) that relator has a plain and adequate remedy at law, *i.e.,* a declaratory judgment action and/or a suit seeking to recover the claimed fees.

In his memorandum in opposition to the motion to dismiss, relator maintains, for the first time, that the funds retained by respondents in the county general fund are proceeds derived from one hundred twenty-four special levies. Relator asserts that under Section 5, Article XII of the Constitution of Ohio, these funds can be applied solely for the intended purposes for which they are passed and that, pursuant to R.C. 321.26, the cost of collection and distribution of the proceeds of the special levies must be allowed to his office

as fees. Relator further argues that mandamus is his sole adequate remedy because the retention of fees by respondents causes the untimely processing of the special levies. Finally, relator argues that mandamus will lie to compel public officials to act within their lawful discretion.

■ This court can issue a writ of mandamus only if it finds that the relator has a clear legal right to the relief requested, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law. *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81.

■ Despite all of the rhetoric involving special levies in relator's memorandum in opposition to the motion to dismiss, he still relies upon R.C. 321.26 as the basis for his right to relief. Essentially, the special levies issue has no relevance to the disposition of this petition. We shall, therefore, examine R.C. 321.26 and related statutes to determine whether the fees allowed to a county treasurer pursuant to R.C. 321.26 are for his continuing services involved in the collection of taxes.

R.C. 321.24 provides that the county treasurer must, at different times, settle with the county auditor for various taxes and assessments which he has collected throughout the year. R.C. 321.24(E) states, in pertinent part:

"At each settlement, the auditor shall allow to the treasurer, on the moneys received or collected and accounted for by him, his fees, at the rate or percentage allowed by law, at a full settlement of the treasurer."

R.C. 321.24(F) requires that, after certification of the settlement to the tax commissioner, the *tax commissioner* shall:

" * * * provide for payment to the county treasurer from the general revenue fund for an amount equal to one-half of the amount certified by the treasurer in the preceding tax year under Section 319.302 of the Revised Code. Such payment shall be credited upon receipt to the county's undivided income tax fund, and *the county auditor shall transfer to the county general fund from the amount thereof the total amount of all fees and charges which the auditor and treasurer would have been authorized to receive had such division not been in effect and that amount had been levied and collected as taxes.* The county auditor shall distribute the amount remaining among the various taxing districts in the county as if it had been levied, collected and settled as real property taxes." (Emphasis added.)

R.C. 321.26 provides that the county treasurer is allowed certain fees as compensation for his services and reads, in part, as follows:

"(A) The county treasurer, on settlement with the county auditor, on or before the date prescribed for such settlement or any lawful extension of such

date, shall be allowed as fees on all moneys collected by him on any tax duplicates other than the inheritance duplicate and on all moneys received by him as advance payments of personal and classified property taxes, the following percentages[.]"

Nonetheless, R.C. 325.27 directs that:

"*All the fees,* costs, percentages, penalties, allowances, and other perquisites collected or received by law as compensation for services by a * * * county treasurer * * * shall be received and collected for the *sole use of the treasury of the county in which such officers are elected, and shall be held, accounted for, and paid over as public moneys belonging to such county in the manner provided by sections 325.30 and 325.31 of the Revised Code.*" (Emphasis added.)

R.C. 325.30 requires the elected officers, including the county treasurer, named in R.C. 325.27 to keep, among other things, full and regular accounts of all official fees. R.C. 325.30 orders the county treasurer, among others, to pay all fees collected by his office in the previous month to the county treasury to the credit of the general fund. The cited sections of the Revised Code do not contain any language which either indicates or implies that allowed fees are "for the continuing services [of the county treasurer] involved in the collection of taxes." Rather, these sections *mandate* that such fees be paid into the county treasury to the credit of the county general fund. Relator, therefore, has no legal right to the relief he requests.

Moreover, none of the foregoing provisions places a clear legal duty on the respondents to perform the requested act. The county auditor is directed to allow the fees but he is also required to place those fees in the county general fund. The board of commissioners has no duty under the statutory sections cited by relator. The treasurer may appoint and employ necessary clerks, assistants, and bookkeepers for the county treasurer's office, fix their compensation and discharge them. R.C. 325.17. However, compensation for such employees cannot exceed, in the aggregate, the amount fixed by the board of commissioners for the county treasurer's office. *Id.* In short, a board of commissioners has the discretion to allocate a total budget for compensation for the employees of the county treasurer's office as well as allocate funds for supplies and equipment. R.C. 307.01(A). Mandamus does not lie to control acts wholly within the discretion of a board of county commissioners. *State ex rel. Emerson v. Commrs. of Hamilton Cty.* (1892), 49 Ohio St. 301, 30 N.E. 785. For these reasons it is abundantly clear that no legal duty is imposed on the respondents to provide the relief requested.

Because we find that the first two prongs of the test set forth in *Bacon, supra,* have not been met, we shall not address the question of whether

relator has a plain and adequate remedy at law. Relator's petition for a writ of mandamus is denied. Respondents' motion to dismiss is found well taken. This cause is ordered dismissed at relator's costs.

*Writ denied.*

HANDWORK, P.J., MELVIN L. RESNICK and SHERCK, JJ., concur.