OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State, ex rel. Partis et al., Appellants, v. Warren City Board of Health et al., Appellees.

[Cite as State, ex rel. Partis, v. Warren City Bd. of Health (1992),      Ohio St. 3d      .]

Mandamus to compel city board of health to issue occupancy permits to allow property to be rented as a triplex -- Writ denied, when -- Failure to prove any of the criteria necessary for the issuance of the writ.

(No. 91-987 -- Submitted March 16, 1992 -- Decided June 10, 1992.)

Appeal from the Court of Appeals for Trumbull County, No. 90-T-4377.

In 1983, relators-appellants, Harry Partis and Chryssanthi Partis, purchased a single-family dwelling in Warren, Ohio, located in a "Residential A" district. Without obtaining a use variance or building permit, they converted the property into a triplex multi-family dwelling.

Warren City Ordinance Section 1139.01 defines "Residental A Uses" as single-family dwellings; Section 1307.20 prohibits a more restricted use in a less restricted use area unless a variance is granted by city council and a building permit issued; Section 1307.19 provides that the issuance of a variance is dependent upon approval by the board of zoning appeals as well as by city council; and Section 1135.01 provides that members of the city planning commission shall

constitute the board of zoning appeals.

On May 20, 1988, appellants applied for a variance to permit a triplex multi-family dwelling on their property. Although the Warren Planning Commission approved the variance, the Warren City Council, on December 14, 1988, rejected it. No appeal was filed from the decision of city council.

On March 28, 1990, appellants filed a complaint for a writ of mandamus in the court of appeals to compel the Warren City Board of Health and other city officials to issue occupancy permits to allow the property to be rented as a triplex. Appellants asserted that city council had delegated its authority to the planning commission to grant, or refuse to grant, variances and, therefore, retained no power to reject the use variance here; that the variance approved by the planning commission was, therefore, valid; and that the board of health and other city officials were legally obligated to issue the occupancy permit. The court of appeals disagreed and denied the writ.

The cause is now before this court upon an appeal as of right.

Frank R. Bodor, for appellants.

William P. McLain, Law Director, and Richard L. James, for appellees.

Per Curiam. The requisites for the issuance of a writ of mandamus are well known: relator must have a clear legal

right to the relief requested; respondent must be under a clear legal duty to perform that act; and relator must have no plain and adequate remedy at law. State, ex rel. Westchester Estates, Inc., v. Bacon (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81.

The Warren city ordinances set forth the procedures for the issuance of a use variance. It is undisputed that the real estate in question was located in a "Residential A" district. No building permit for a triplex could be issued in such district without the concomitant issuance of a variance. City council refused to approve such variance. Without such approval, appellants had no clear legal right to the occupancy permit and the board of health had no legal duty to issue such permit.

Moreover, R.C. 2506.01 authorizes an appeal from "[e]very final order * * * of any * * * board, bureau, commission * * * or other division of any political subdivision of the state * * *." Appellants failed to appeal council's December 14, 1988 rejection of the variance request. Accordingly, appellants did not meet another essential requirement for the issuance of a writ of mandamus--absence of an adequate legal remedy.

In State, ex rel. Sibarco Corp., v. Berea (1966), 7 Ohio St. 2d 85, 36 O.O. 2d 75, 218 N.E. 2d 428, the relator- property owner was unsuccessful in securing an amendment to the

city zoning ordinance to allow construction of a gas station on its property.  It then applied to the building commissioner for a building permit for the same purpose, but the application was rejected.  Relator appealed to the board of zoning appeals, which affirmed the commission, but the property owner did not pursue further appeal to the  common pleas court under R.C. 2506.01.  Upon review, we held that relator failed to pursue an adequate remedy at law and thus mandamus would not lie.  The same is true of appellants in the instant case.

Appellants failed to prove any of the criteria necessary for the issuance of a writ of mandamus.  Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

Moyer, C.J., not participating.