The STATE ex rel. C.S. BURGE, INC.

v.

FULTON COUNTY BOARD OF COMMISSIONERS et al.

[Cite as *State ex rel. C.S. Burge, Inc. v. Fulton Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 610.]

Court of Appeals of Ohio,
Fulton County.

No. 93FU000003.

Decided April 26, 1993.

*Savage, Jordan, Giha & Ballard, Barry E. Savage* and *Gerald L. Mills,* for relator.

*William R. Swigart,* Fulton County Prosecuting Attorney, for respondents Fulton County Board of Commissioners, Lowell F. Rupp, Brad Peebles, and Roger Warncke.

*Per Curiam.*

Relator, C.S. Burge, Inc., asks this court for a writ of mandamus ordering respondents, the Fulton County Board of Commissioners and each commissioner in his public capacity, to accept its certified check in lieu of a performance bond, to enter into a contract for the demolition of the Fulton County Home, and to refrain from awarding the demolition contract to the next highest bidder. Respondents filed an answer and a motion to dismiss for failure to state a claim upon which relief can be granted.

Briefly, the facts of this case are as follows.

Pursuant to R.C. 307.86, respondents obtained competitive bidding on the cost of removing or demolishing the Old County Home in Fulton County, Ohio. Relator submitted the lowest bid in the amount of $32,500. The legal notice and specifications for the demolition project required, pursuant to R.C. 153.54(C), that the successful bidder furnish a performance bond in the amount of the contract upon entering into that contract with respondents. Relator, however, delivered a certified check in the amount of the contract to respondents. On March 9, 1993, respondents rejected relator's bid because the latter could not and/or would not furnish a performance bond. Relator instituted this original action on that same date.

■ A writ of mandamus can be issued only where it is demonstrated that the relator has a clear legal right to the relief requested, the respondent is under a clear legal duty to perform the requested act, and the relator has no plain and adequate remedy at law. *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81.

R.C. 153.54(C) and (F) provide, in material part:

"(C) * * *

"If the bidder enters into the contract, the bidder shall, at the time he enters into the contract, file a *bond* for the amount of the contract to indemnify the state, political subdivision, district, institution, or agency against all damage suffered by failure to perform the contract according to its provisions and in accordance with the plans, details, specifications, and bills of material therefor and to pay all lawful claims of subcontractors, materialmen, and laborers for labor performed or material furnished in carrying forward, performing, or completing the contract; and agree and assent that this undertaking shall be for the benefit of any subcontractor, materialman, or laborer having a just claim, as well as for the state, political subdivision, district, institution, or agency.

"* * *

"(F) * * * All *bonds* filed pursuant to this section shall be issued by a surety company authorized to do business in this state as surety approved by the board, officer, or agent awarding the contract on behalf of the state, political subdivision, district, institution, or agency." (Emphasis added.)

■ The statute is clear and unambiguous in stating that a bond, not a certified check, must be filed by the successful bidder. Thus, the respondents have no clear legal duty under the statute to accept a certified check in lieu of a bond. Further, a county board of commissioners is vested with the discretion to award a contract for the work in question to the party who is, under all the circumstances, the lowest and best bidder. *State ex rel. Executone of Northwest Ohio, Inc. v. Commrs. of Lucas Cty.* (1984), 12 Ohio St.3d 60, 61, 12 OBR 51, 52, 465 N.E.2d 416, 417, relying upon R.C. 307.90. In such instances, mandamus will not lie absent a clear showing of an abuse of discretion on the part of the commissioners in refusing to perform an act. *Id.*

In this case, relator does not allege any act on the part of respondents which would constitute an abuse of discretion in determining the successful bidder for the demolition project. Rather, it simply asserts that respondents refused to accept a certified check. Compliance with the mandates of R.C. 153.54(C) cannot, in any way, be construed as an abuse of discretion.

In sum, we find that relator has failed to establish that respondents are under any clear legal duty to perform the requested acts. Accordingly, respondents' motion to dismiss is found well taken. This cause is ordered to be dismissed at relator's costs.

*Judgment accordingly.*

HANDWORK, MELVIN L. RESNICK and SHERCK, JJ., concur.