OPINIONS OF THE SUPREME COURT OF OHIO

    The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

    Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

    NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Carter, Appellant, v. Wilkinson, Dir., Appellee.
[Cite as State ex rel. Carter v. Wilkinson (1994),       Ohio St.3d        .]
Mandamus to compel Director of Department of Rehabilitation and
    Correction to declare that a state of overcrowding exists
    -- Writ denied, when -- R.C. 2967.18(A), construed.
    (No. 94-806 -- Submitted May 16, 1994 -- Decided August 17, 1994.)
    Appeal from the Court of Appeals for Franklin County, No. 94APD01-0069.

    Relator-appellant, Kenneth L. Carter, filed a complaint for a writ of mandamus in the Franklin County Court of Appeals to compel respondent-appellee, Reginald Wilkinson, Director of the Department of Rehabilitation and Correction, to declare that a state of overcrowding exists, and to notify the correctional institution inspection committee of the overcrowding emergency.  Carter's complaint alleged that the Ohio prison system is "currently overcrowded" and that R.C. 2967.18 required respondent to perform the duties requested in his complaint.

    Respondent subsequently filed a Civ.R. 12(B)(6) motion to dismiss Carter's complaint.  On March 21, 1994, the court of appeals granted respondent's motion and dismissed the complaint.

    The cause is now before this court upon an appeal as of right.

    Kenneth L. Carter, pro se.
    Lee I. Fisher, Attorney General, and William J. McGinnis, Assistant Attorney General, for appellee.

    Per Curiam.  In order to be entitled to a writ of mandamus, Carter has to establish that he possesses a clear legal right to the relief prayed for, that respondent is under a clear legal duty to perform the requested act, and that Carter has no plain and adequate remedy at law.  State ex rel. Westchester Estates, Inc. v. Bacon (1980), 61 Ohio St.2d 42, 15

O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus.

Carter based his entitlement to the requested relief on R.C. 2967.18(A), which provides:

"Whenever the director of rehabilitation and correction determines that the total population of state penal or reformatory institutions for males and females, the total population of the state penal or reformatory institutions for males, or the total population of the state penal or reformatory institutions for females exceeds the capacity of those institutions and that an overcrowding emergency exists, he shall notify the correctional institution inspection committee of the emergency and provide the committee with information in support of his determination.  The director shall not notify the committee that an overcrowding emergency exists unless he determines that no other reasonable method is available to resolve the overcrowding emergency."  (Emphasis added.)

The remainder of R.C. 2967.18 provides the procedures to be followed after respondent's determination and notification, ultimately leading to possible sentence reduction or early release due to the overcrowding emergency.

"In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. ***  In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished."  State v. S.R. (1992), 63 Ohio St.3d 590, 594-595, 589 N.E.2d 1319, 1323.  Words used in a statute must be taken in their usual, normal or customary meaning. R.C. 1.42.  It is the duty of the court to give effect to the words used and not to insert words not used.  State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 220, 631 N.E.2d 150, 153.

Carter contends that R.C. 2967.18 places a mandatory duty on respondent to declare that an overcrowding emergency exists and notify the correctional institution inspection committee of the emergency whenever respondent has knowledge of overcrowding.  However, Carter's interpretation of R.C. 2967.18 would insert the phrase "whenever the director of rehabilitation and correction becomes aware" for the phrase "[w]henever the director of rehabilitation and correction determines."  If the General Assembly had intended the foregoing, it could have so provided.  However, the General Assembly conditioned respondent's duty of declaration and notification of an overcrowding emergency on whenever he determines that this emergency exists.  R.C. 2967.18(A).

Further, Carter's unsupported conclusions in his complaint are not considered admitted and are insufficient to withstand a motion to dismiss.  See, e.g., State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324, 544 N.E.2d 639 (inmate required to plead specific facts on claimed exception to general rule concerning parole revocation to avoid dismissal); cf., also, Hammond v. Dallman (1992), 63 Ohio St.3d 666, 668, 590 N.E.2d 744, 746.  Carter's "STATEMENT OF FACTS" in his complaint stated only that the Ohio prison system was "currently overcrowded."  R.C. 2967.18(A) requires more than mere overcrowding; it requires an overcrowding emergency and no other reasonable alternative method available to resolve the

overcrowding emergency before respondent notifies the committee.  Carter's complaint failed to allege even unsupported conclusions in this regard.

Accordingly, the judgment of the court of appeals dismissing Carter's mandamus complaint pursuant to Civ.R. 12(B)(6) is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.