PETITION FOR WRIT OF MANDAMUS JOURNAL ENTRY AND OPINION
Relator, Audwin Ezell, seeks a writ of mandamus in order to compel the respondent, Judge Daniel O. Corrigan, to issue a judgment entry that specifies the pre-conviction jail time credit due in the underlying cases of State v. Ezell, Cuyahoga County Court of Common Pleas Case Nos. CR-359793 and CR-361469. The respondent has filed a motion for summary judgment, which we deny for the following reasons.
The requirements for mandamus are well established: 1) the relator possesses a clear legal right to the relief requested; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator does not possess a plain and adequate remedy in the ordinary course of law. State ex rel.Westchester v. Bacon (1980), 61 Ohio St.2d 42. A defendant is entitled by law to have credited to the sentence of incarceration the number of days that he or she was confined prior to conviction and sentence. See Crim.R. 32.2 (D); R.C. 2949.08; R.C.2949.12. In addition, a trial court possesses a clear legal duty to specify in the record of conviction and sentence the number of days a person was confined prior to conviction and sentence.State ex rel. Johnson v. O'Donnell (Oct. 4, 1994), Cuyahoga App. No. 67783, unreported; State ex rel. Andrews v. Corrigan (Oct. 11, 1991), Cuyahoga App. No. 62253, unreported.
In the case sub judice, mandamus lies since the relator is entitled to a credit for any incarceration that occurred prior to conviction and sentence, the trial court possesses a clear legal duty to calculate and state in a journal entry the number of days the relator was incarcerated prior to conviction and sentence, and the relator possess no plain and adequate remedy at law. In addition, a statement or letter issued by the Cuyahoga County Sheriff, which states the number of days of pre-conviction jail time credit, does not discharge the respondent's duty to specify the amount of pre-conviction jail time credit in a journal entry. Cf. State ex rel. Wright v. Court of Common Pleas (Nov. 6, 1995), Cuyahoga App. No. 69200, unreported; State ex rel. Goolsby v.Cleary (Aug. 14, 1995), Cuyahoga App. No. 69119, unreported;State ex rel. Spruce v. Cleary (Aug. 17, 1995), Cuyahoga App. No. 69047, unreported.
Accordingly, we grant the relator's request for relief in mandamus and deny the respondent's motion for summary judgment. Within thirty (30) days of the date of this entry, the respondent is ordered to issue a journal entry that specifies the number of days the relator was incarcerated prior to conviction and sentencing in Case Nos. CR-359793 and CR-361469. Costs to respondent.
Writ allowed.
ANN DYKE, J., CONCURS.
 _________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE