This is an administrative appeal from the Trumbull County Court of Common Pleas. Appellant, Rudy L. Snipes, appeals the judgment entry granting summary judgment in favor of appellee, Syro Steel.
The following facts are adduced largely from appellant's deposition, which was taken on April 2, 1998. Appellant began employment with appellee in 1969 as a laborer and eventually he became a floorman. On February 16, 1996, while he was loading a gondola car, he "picked up a block the wrong way and [he] hurt [his] back. * * * As [he] went to get out of the car, [he] slipped on [something] and [his] arm hit up against the side of the car." He immediately felt pain in his back and believed that he had also injured his arm.
On February 19, 1996, appellant filed a C-50 application, claim number 96-350316, for payment of compensation and medical benefits. On July 29, 1996, the district hearing officer allowed appellant's claim for lumbar strain, but disallowed the left elbow claim. Appellant appealed from that decision on August 6, 1996. A staff hearing officer affirmed the decision on September 12, 1996, stating that at the time of the examination, there was "no contemporaneous medical evidence substantiating [appellant's] alleged left elbow injury." The staff hearing officer also concluded that the elbow injury was "unrelated to the injury in this claim by way of causation, aggravation or acceleration." Appellant did not appeal that decision to the trial court, pursuant to R.C. 4123.512. Instead, on September 26, 1996, he filed a second C-50 application, claim number 96-516515, asserting that on February 16, 1996, he sustained an injury to his elbow.
Appellant admitted that the incident detailed in his second claim was the result of the same incident that he described in his first claim, even though the two had different claim numbers. Initially, the district hearing officer refused the second claim, so appellant appealed. On February 3, 1997, a different staff hearing officer allowed the elbow claim. However, on June 5, 1997, appellee appealed the decision to the Industrial Commission of Ohio ("Industrial Commission") and it, in turn, disallowed appellant's second application as the staff hearing officer "did not have jurisdiction to re-litigate the allowance of an injury to [appellant's] left elbow, since the matter was previously decided" on September 12, 1996. The Industrial Commission vacated the staff hearing officer's February 3 order based on the doctrine ofres judicata.
On July 2, 1997, appellant pursued an appeal to the trial court, under R.C. 4123.512, as a result of the adjudication by the Industrial Commission, which disallowed his workers' compensation claim. Appellee filed a motion for summary judgment on May 11, 1998, alleging that since the issues in the appeal were decided in a prior workers' compensation claim, the appellant was barred from pursuing his claim based on res judicata and/or collateral estoppel pursuant to R.C. 4123.512. In a judgment entry dated July 21, 1998, the trial court granted appellee's motion for summary judgment. However, on September 29, 1998, the trial court issued an amended entry that included Civ.R. 54(B) language. Appellant timely filed a notice of appeal and now asserts the following assignment of error:
 "The trial court committed prejudicial error in sustaining [appellee's] Motion for Summary Judgment based upon the doctrines of res judicata [sic] and collateral estoppel, since said doctrines are inapplicable to the case at bar."
Appellant's sole contention is that the trial court erred in granting appellee's motion for summary judgment. The Supreme Court of Ohio articulated the standard for granting summary judgment in Osbornev. Lyles (1992), 63 Ohio St.3d 326, 327, stating:
 "`Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327 * * *. Moreover, `(* * *) upon appeal from summary judgment, the reviewing court should look at the record in the light most favorable to the party opposing the motion.' Campbell v. Hospitality Motor Inns, Inc. (1986) 24 Ohio St.3d 54, 58
* * *." (Parallel citations omitted.)
Additionally, in Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus, the Supreme Court, in discussing the doctrine of res judicata, held:
 "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. * * *."
Thus, the Supreme Court observed that res judicata bars all subsequent actions that arise out of the same common nucleus of operative facts that was the subject of the previous litigation, even if the subsequent action relies on different claims, grounds, or theories for relief and different evidence in support of those theories. Id. at 382.
Furthermore, "`[i]t has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might havebeen litigated in a first lawsuit.'" "(Emphasis sic.) Id. at 382, quoting Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60,62. In other words, a prior decision acts as a bar, under the doctrine of res judicata, when the parties and the issues involved are identical. State ex rel. Westchester v. Bacon
(1980), 61 Ohio St.2d 42, 44. "`(W)here a party is called upon to make good his cause of action (* * *), he must do so by all the proper means within his control, and if he fails in that respect (* * *), he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties.'" Natl. Amusements at 62, quoting Covington Cincinnati Bridge Co. v. Sargent (1875), 27 Ohio St. 233.
Moreover, the doctrine of res judicata applies to administrative proceedings that are judicial in nature, including workers' compensation hearings before the Industrial Commission, where the parties have had ample opportunity to litigate the issues involved. State ex rel. Kroger Co. v. Indus. Comm. of Ohio
(1998), 80 Ohio St.3d 649, 651; see State ex rel. B.O.C. Group,Gen. Motors Corp. v. Indus. Comm. of Ohio (1991), 58 Ohio St.3d 199,200-201. Therefore, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Natl.Amusements, 53 Ohio St.3d at 62.
In the case sub judice, appellant argues that the administrative resolution of his lower back injury claim did not bar the claim regarding injury to his elbow under the doctrine ofres judicata because the two claims were not the same. He states that the two conditions arose out of separate and distinct incidents.[1] On the other hand, appellee contends that although appellant described two separate incidents in his initial application, he filed one C-50 application. Hence, the adjudication of appellant's lower back and elbow injury claim barred his subsequent claim as to only the elbow injury because they were both predicated upon the same operative facts.
Appellant also had ample opportunity to litigate his claim regarding both his lower back and elbow before the Industrial Commission. The record reflects that, in his deposition, appellant admitted that the incident detailed in his second claim resulted from the same general occurrence that he described in his lower back claim. On July 29, 1996, the date of the hearing before the Industrial Commission, appellant's claim to include the elbow injury as an allowed condition in claim number 96-350316 was denied. On September 12, 1996, this decision was appealed, but the Industrial Commission affirmed its earlier decision. Clearly, its refusal to encompass the injury as an allowed condition goes to appellant's right to participate; thus, an R.C. 4123.512 appeal would have been appropriate. However, rather than appealing to the court of common pleas, appellant filed a second C-50 application. Initially, the district hearing officer denied the claim, but on February 3, 1997, the claim as to the elbow injury was allowed. On June 5, 1997, after appellee appealed, the Industrial Commission determined that the second application was barred by the doctrine of res judicata.
We note that, in its brief, appellee relies on Hammock v. Trimble
(Apr. 5, 1995), Summit App. No. 16838, unreported, 1995 WL 149153. Appellant argues that the incident in Hammock is not the same as the case at bar. In Hammock, on April 24, 1991, the appellant filed an injury claim for benefits based on degenerative joint disease of the left and right knees, which was denied on November 19, 1991. The appellant did not appeal that decision. Instead, on January 2, 1992, he submitted a second injury claim based on an aggravation of the degenerative joint disease, which was also disallowed. After the appellant appealed the disallowance to the Industrial Commission, he appealed to the court of common pleas. In the meantime, the Industrial Commission moved for summary judgment, which the trial court granted. The appellate court ruled that the appellant's claims were barred by the doctrine of res judicata. Id. at 4. That court held that, pursuant to Stanton v. Trimble (Sept. 29, 1993), Summit App. No. 16055, unreported, 1993 WL 379070, when there is competent evidence that an employee sustained one injury, but was unsuccessful at pursuing a claim for benefits, and he brings a second claim, the second claim is not separate and distinct from his first injury claim, and accordingly, the doctrine of res judicata applies. Id. at 3.
The Hammock case is similar to the case at hand. In the instant action, appellant claims to have sustained two injuries on the same date. Given the facts of this case, it is our determination that although they were separate and distinct claims, the assertion of the lower back injury and elbow injury in appellant's first claim, which resulted in the denial of the elbow injury, also barred him from initiating a separate elbow injury claim.
We conclude that appellant's appeal to the trial court as to the second claim from the administrative order, which disallowed his application, was based on a common nucleus of operative facts, namely, the same accident and the same set of administrative orders as the first claim. Hence, the administrative order denying appellant's claim because there was no medical evidence to allow the condition, was a valid final judgment that was rendered on the merits of his later claim. Therefore, his second application is barred because it originated out of the same occurrence that was the subject matter of the previous administrative proceedings. Accordingly, it is our determination that the trial court did not err in granting summary judgment in favor of appellee, as there was no genuine issue of material fact.
For the foregoing reasons, appellant's sole assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
 _________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] Although appellant claims that the two conditions arose out of separate and distinct incidents, the record reveals that district hearing officer initially disallowed the claim because there was no contemporaneous medical evidence to show that appellant injured his left elbow.