OPINION AND JOURNAL ENTRY
{¶ 1} On January 2, 2002 pro se Relator filed a hand-written complaint for writ of mandamus. The gist of the complaint is an inquiry into why Relator has been incarcerated for five months with no formal charges being filed, nor a parole revocation hearing being held. Although the Ohio Adult Parole Authority is named as the Respondent, the docket record reflects that a copy of the complaint was served on the Mahoning County Prosecutor. The complaint for writ of mandamus is the only document filed of record.
 {¶ 2} We note that the complaint filed by Relator references to Common Pleas Case No. 97CR514. A review of the docket record for that case sheds considerable light in understanding the complaint filed herein, as well as aiding this Court in its resolution of this matter.
 {¶ 3} On August 15, 1997, Relator was indicted for aggravated trafficking in drugs, two counts of trafficking in cocaine and possession of cocaine with specifications. Following plea negotiations, the count for aggravated trafficking was dismissed and Relator pled to the remaining counts. On February 18, 1999, he was sentenced to concurrent three (3) year terms in prison on each count. On October 20, 1999, the trial court filed a judgment entry granting judicial release and placed Relator on three (3) years of community control. Subsequently, on July 27, 2001, the State of Ohio filed an alternative motion to revoke probation. Relator acknowledges that a hearing was held on July 27, 2001 and probable cause for a violation was found. Relator was ordered held without bond.
 {¶ 4} The record then recounts the following litany of pertinent filings:
 {¶ 5} 8/28/01: On motion of defendant and with consent of the State of Ohio the probation violation hearing was reset to 9/13/01;
 {¶ 6} 9/19/01: Motion for continuance filed by defendant;
 {¶ 7} 10/3/01: Matter rescheduled for a hearing on 10/25/01;
 {¶ 8} 11/2/01: Probation violation hearing set for 10/25/01. On request of Defendant, matter is continued and shall be rescheduled;
 {¶ 9} 11/21/01: Matter set for probation violation hearing 11/19/01. On agreement of parties, matter shall be continued from this date and reset for 12/14/01;
 {¶ 10} 12/18/01: Matter came before court for probation violation hearing 12/14/01. Due to court unavailability this matter shall be continued and reset for 1/31/02;
 {¶ 11} 1/30/02: Probation violation hearing set 1/31/02. Due to underlying charges still pending, court continues probation violation hearing. Matter shall be reset to 3/5/02;
 {¶ 12} 3/6/02: Matter set for probation violation hearing before court 3/5/02. On agreement of parties, matter shall be continued from this date and reset for 4/11/02;
 {¶ 13} 4/15/02: Matter set for probation violation hearing 4/11/02. Due to court unavailability and in jury trial in Case 00CV1170, matter shall be continued from this date and reset for 5/16/02;
 {¶ 14} 5/28/02: Matter came before court on Attorney Al Palombaro's motion to withdraw as counsel for Defendant. Attorney Palombaro is granted leave to withdraw as counsel for Defendant. Court orders Defendant to advise court, in writing, of the name, address and phone number of new counsel within 30 days from the date of this journal entry. Probation violation hearing shall be set for 7/9/02.
 {¶ 15} It appears from the underlying criminal docket record that Relator had moved for a continuance of the probation violation hearing or consented to a rescheduling on at least four (4) separate occasions. And the last continuance of the hearing was necessitated by the withdrawal of counsel from any further representation of Relator.
 {¶ 16} Pursuant to R.C. 2731.01:
 {¶ 17} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or pension, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station."
 {¶ 18} In order to be entitled to extraordinary relief through a writ of mandamus, a party must demonstrate that he has a clear legal right to the relief prayed for, that the Respondent is under a clear legal duty to perform the requested act and that he, Relator, has no plain and adequate remedy in the ordinary course of the law. State exrel. Westchester Estates, Inc. v. Bacon (1980), 61 Ohio St.2d 42.
 {¶ 19} The procedural history evident by the docket record for Common Pleas Case No. 97CR514 clearly shows that Relator has consented, on several occasions, to a continuance of the probation violation hearing. One of those agreed to continuances occurred two months after he filed the instant complaint. Relator has failed to demonstrate the first element for a writ of mandamus, that he has a clear legal right to the relief prayed for in the complaint. He cannot demand relief and then, by agreement two months later, consent to a rescheduling of the hearing.
 {¶ 20} Moreover, Relator has only identified the Ohio Adult Parole Authority as a party-respondent. This Court would not grant a writ against the Ohio Adult Parole Authority, as it has performed its duty in having the necessary paperwork filed to initiate the revocation process. A writ will not issue against an improper party.
 {¶ 21} It is evident on the filing before this Court that Relator is attempting to compel the trial court to exercise its judicial function in ruling on the motion to revoke. The trial court is not a named party on the complaint. The record is clear that the trial court has attempted to schedule the necessary hearing prior to ruling, but due to stated unavailability, or on request of Relator, or by agreement of the parties, or through withdrawal of counsel, has not yet been able to conduct such hearing.
 {¶ 22} We do not condone a practice wherein a trial court allows a revocation hearing to be continually rescheduled over a year's period of time. However, based on the specific record available in this case, we find that Relator has failed to demonstrate in his complaint that he is entitled to a writ of mandamus.
 {¶ 23} Complaint dismissed. Costs of this proceeding taxed against Relator.
 {¶ 24} Final order. Copy to counsel or unrepresented party and Judge John M. Durkin.
Donofrio, J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.