{¶ 1} On January 24, 2003, pro se Relator, Melvin D. Edighoffer, filed a petition for a writ of mandamus. Relator seeks a writ to compel Judge Robert G. Lisotto of the Mahoning County Common Pleas Court to rule on a motion for sentence modification submitted by Relator on June 21, 2002, in connection with Common Pleas Case No. 95 CR 00402. On March 11, 2003, Respondent filed a motion to dismiss the petition.
 {¶ 2} In order for this Court to issue a writ of mandamus, a relator must demonstrate that he has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the act relator requests, and that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Westchester. v. Bacon
(1980), 61 Ohio St.2d 42, paragraph one of the syllabus; State ex rel.Botkins v. Laws (1994), 69 Ohio St.3d 383.
 {¶ 3} Relator asserts that he has met these requirements for the writ. However, it is not necessary to examine the merits of Relator's petition, as the record in this case reveals that the act Relator requested has in fact already been performed.
 {¶ 4} The docket record of Common Pleas Case No. 95 CR 00402 indicates that the motion for sentence modification was ruled upon by Respondent on February 18, 2003. Such ruling provides the exact relief that is prayed for in the petition for writ of mandamus. It is well established that the writ of mandamus will not be issued to compel an act already performed. State ex rel. Kirk v. Burcham (1998), 82 Ohio St.3d 407;State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas (1996),74 Ohio St.3d 278; State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5. As the motion has been ruled upon, Relator's petition for writ of mandamus to order the ruling is moot. Moreover, Relator now has an available legal remedy to challenge the correctness of the judgment issued on February 18, 2003.
 {¶ 5} Respondent's motion to dismiss this petition is sustained. Petition dismissed. Costs taxed against Relator. Final Order. Clerk to notice as provided by the civil rules.
Waite, P.J., DeGenaro and Vukovich, JJ., concur.