{¶ 1} This original action is before the court upon the petition of John J. Zakrzewski for a writ of mandamus. The writ of mandamus is an extraordinary writ and, therefore, is only available where the court finds "that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law."State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm. (1987),31 Ohio St.3d 251, 253, quoting State ex rel. Westchester Estates, Inc.v. Bacon (1980), 61 Ohio St.2d 42, paragraph one of the syllabus.
 {¶ 2} First, Zakrzewski's petition has not been brought in the proper manner. R.C. 2731.04 requires that an application for a writ of mandamus must be brought "* * * in the name of the state on the relation of the person applying,* * *." This reason alone is sufficient grounds for denying the writ and dismissing the mandamus action. Dunning v.Cleary (Jan. 11, 2001), 8th Dist. App. No. 78763.
 {¶ 3} Furthermore, relator has failed to specifically identify the respondent in this action. Naming the Lucas Common Pleas Court generally does not specifically identify the person against whom the writ is to be issued. This is also a basis for denying the writ and dismissing this action. Id.
 {¶ 4} Finally, we find that relator has an adequate remedy at law in that he may file a motion in the trial court requesting that a transcript be prepared at state expense and filed in the record. State exrel. Wilson v. Sunderland (2000), 87 Ohio St.3d 548, 549, and State exrel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 592. See, also, Stateex rel. Greene v. Enright (1992), 63 Ohio St.3d 729, 732, certiorari denied (1992), 506 U.S. 1025.
 {¶ 5} Therefore, relator's application for a writ of mandamus is denied. This original action is ordered dismissed at relator's cost.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L. Pietrykowski, J. JUDGE CONCUR.