OPINION AND JOURNAL ENTRY.
{¶ 1} On October 11, 2002, pro se Relator, Patrick Naples, filed a petition for a writ of mandamus, seeking to compel Respondent, Lowellville Village Police Chief William Vance, to contact the State Attorney General and the Bureau of Criminal Investigation in order to "initiate an investigation into the illegal actions and cover up taking place in the village [of Lowellville]."
 {¶ 2} On December 31, 2002, Respondent filed an answer and counterclaim. In his answer, Respondent denies all material allegations, and alleges that Relator's petition fails to state a claim upon which relief can be granted, violates Civ.R. 11, violates R.C. 2323.51, does not make the required showing to warrant a writ of mandamus, and alleges Relator is a vexatious litigator. Respondent's counterclaim requests that we label Relator's complaint as "frivolous conduct" in accord with R.C.2323.51(A)(2), and tax his costs in this action to Relator.
 {¶ 3} Respondent next filed a motion for summary judgment on March 4, 2003. In the motion, Respondent alleges he is entitled to judgment as a matter of law because Relator has failed to file a claim upon which relief can be granted. He claims that R.C. 109.54, on which Relator relies, provides no basis for this court to grant Relator the relief he seeks. Relator has not filed a response to Respondent's summary judgment motion.
 {¶ 4} On March 6, 2003, Relator filed a motion to strike Respondent's counterclaim, calling it "a sham and frivolous." Relator presented various colorful affirmative defenses against the counterclaim, in addition to including numerous "exhibits" purporting to "show that the Mayor will perpetuate a fraud to cover up his illegal actions." Respondent in turn filed a motion in opposition to Relator's motion to strike the counterclaim.
 {¶ 5} In order for the court to issue a writ of mandamus, a relator must demonstrate (1) that he has a clear legal right to the relief prayed for, (2) that the respondent is under a clear legal duty to perform the act relator requests, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel.Westchester Estates, Inc. v. Bacon (1980), 61 Ohio St.2d 42, paragraph one of the syllabus. The burden to establish the clear legal right lies upon the relator who seeks the writ. State ex rel. Fant v. Sykes (1986),28 Ohio St.3d 90, 91.
 {¶ 6} While Respondent has filed what he terms as a motion for summary judgment, the substance of the motion is that Relator has failed to file a claim upon which relief can be granted. Thus, we will examine Relator's complaint.
 {¶ 7} While Relator cites various alleged incidents as examples of what he considers to be conduct necessitating criminal investigation, he fails to cite any Ohio law, statutory or otherwise, establishing a clear legal right to an investigation or placing Respondent under a clear legal duty to order that investigation.
 {¶ 8} Relator requests that the court "take judicial notice regarding Chief Vance's ability to call in BCI" and cites R.C. 109.54 to back this contention. However, R.C. 109.54 creates, just as Relator characterizes it, an ability to call for an investigation. R.C. 109.54
does not create a legal right to an investigation nor an affirmative duty on the part of Respondent to call for an investigation. Rather, 109.54(A) states:
 {¶ 9} "The bureau of criminal identification and investigation mayinvestigate any criminal activity in this state that is of statewide or intercounty concern when requested by local authorities and may aid
federal authorities, when requested, in their investigation of any criminal activity in this state. The bureau may investigate any criminal activity in this state involving drug abuse or illegal drug distribution prohibited under Chapter 3719. or 4729. of the Revised Code. The superintendent and any agent of the bureau may participate, as the director of an organized crime task force established under section 177.02
of the Revised Code or as a member of the investigatory staff of a task force established under that section, in an investigation of organized criminal activity anywhere within this state under sections 177.01 to177.03 of the Revised Code." (Emphasis added.)
 {¶ 10} Relator also cites R.C. 2921.44(E) for support, which states: "No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office." Again, this statute does not provide Relator with a clear legal right to a BCI investigation nor does it set out a clear legal duty for Respondent to order such an investigation.
 {¶ 11} Relator has failed to identify a law that creates a legal right to the relief he seeks or a clear legal duty for Respondent to order the requested investigation. Thus, he has failed to state a claim upon which this court can grant relief. Accordingly, Relator's petition for a writ of mandamus is denied.
 {¶ 12} We must also address Respondent's counterclaim alleging that Relator's filing of this petition is frivolous conduct as defined by R.C. 2323.51(A)(2), so as to warrant payment by Relator of Respondent's court costs, attorneys fees, and other reasonable expenses. R.C.2323.51(A)(2)(a) defines frivolous conduct that could apply to Relator as either of the following:
 {¶ 13} "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies either of the following:
 {¶ 14} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 {¶ 15} "(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
 {¶ 16} While we must dismiss Relator's petition, we cannot say his filing of the petition constitutes frivolous conduct. Relator alleged facts that he believed required him to request a writ of mandamus. Even though the law he cites in his petition does not provide a basis upon which this court can grant relief, Relator has attempted to support his contentions with statutory law. Relator's interpretation of the cited statutes is simply incorrect as they do not warrant us to grant the relief he seeks. Although the accusations made by Relator are severe, it is not obvious that he filed the petition merely to harass or maliciously injure Respondent as contemplated by R.C. 2323.51. Relator's conduct does not rise to the level of "frivolous conduct." Respondent's counterclaim is denied.
 {¶ 17} Finally, we must address one of Respondent's defenses. In the fourth defense of his answer, Respondent requests that we declare Relator a vexatious litigator under R.C. 2323.52. But R.C. 2323.52
prevents this court from examining the merits underlying this request. R.C. 2323.52, which governs the proceedings necessary to declare a person a vexatious litigator, clearly states that if one seeks to have a person declared a vexatious litigator, the complaining party "may commence a civil action * * * to have that person declared a vexatious litigator." R.C. 2323.52(B). Respondent merely alleged Relator is a vexatious litigator as an affirmative defense. He has not properly commenced a civil action to have Relator declared a vexatious litigator. Therefore, Respondent's request to have Relator declared a vexatious litigator is denied.
 {¶ 18} Petition dismissed. Costs taxed against Relator. Final Order. Clerk to serve notice as provided by the civil rules.
Donofrio, Vukovich and Waite, JJ., concur.