ORIGINAL ACTION AND JOURNAL ENTRY OPINION
{¶ 1} Curtis L. Simpkins has filed a complaint for a writ of mandamus. Simpkins seeks an order from this court which prevents the Ohio Adult Parole Authority ("OAPA") from imposing a requirement of post-release control supervision upon his release from prison. The OAPA has filed a motion to dismiss which we grant for the following reasons.
 {¶ 2} Attached to the motion to dismiss is a copy of a judgment entry which demonstrates that Simpkins was re-sentenced by the trial court, in the underlying action of State v.Simpkins, Cuyahoga County Court of Common Pleas Case No. CR-358419, on December 28, 2005. Post-release control was made a part of the original sentence as a result of the re-sentencing. Thus, Simpkins' complaint for a writ of mandamus is moot. Stateex rel. Jerninghan v. Cuyahoga County Court of Common Pleas,74 Ohio St.3d 278, 1996-Ohio-117; State ex rel. Gantt v. Coleman
(1983), 6 Ohio St.3d 5, 450 N.E.2d 1163. In addition, any possible error associated with the re-sentencing of December 28, 2005, is subject to an immediate appeal and prevents this court from issuing a writ of mandamus as based upon the issue of post-release control supervision. Cf. State ex rel. Carter v.Wilkinson, 70 Ohio St.3d 65, 1994-Ohio-245.
 {¶ 3} Accordingly we grant the motion to dismiss. Costs to Simpkins. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
Frank D. Celebrezze, Jr., P.J., concurs.
 Mary Eileen Kilbane, J., concurs.