METALWORKING MACHINERY COMPANY, INC., APPELLEE, *v.* FABCO, INC., APPELLEE; YODER MACHINERY COMPANY, APPELLANT.

(No. 5-83-22—Decided March 22, 1984.)

*O'Brien & Bauer Co., L.P.A.,* and *Bernard K. Bauer,* for plaintiff-appellee.

*Garver Oxley,* for defendant and third party plaintiff-appellee.

*Thomas Yoder,* for defendant-appellant.

COLE, J. This is an appeal taken from a decision of the Court of Common Pleas of Hancock County, wherein summary judgment was granted in favor of plaintiff, Metalworking Machinery Company (hereinafter Metalworking), in the amount of $15,000, plus defendant, Yoder Machinery Company (hereinafter Yoder).

The basic relevant facts in this case were stipulated to by the parties and are as follows.

On August 10, 1979, Metalworking purchased from East Coast Steel Company of Columbia, South Carolina (East Coast), a two wheel "Wheelabrator" metalworking machine. The purchase price for the machine was $15,000, F.O.B. South Carolina. No certificate of title or bill of sale was involved.

On April 4, 1980, Yoder purchased the same metalworking machine from East Coast for $15,000, said machine never having been picked up by Metalworking.

Subsequently, in the usual course of its business, Yoder sold the same "Wheelabrator" to defendant/third party plaintiff, Fabco, Incorporated (Fabco), for a price of $31,500. Fabco also expended a substantial amount of money in rehabilitating and putting into service the machine.

It was also stipulated that East Coast was a manufacturing company and that the "Wheelabrator" machine was *not* sold by East Coast in the ordinary course of its business.

Metalworking filed its original complaint in replevin on January 27, 1981, seeking a return of the "Wheelabrator" or, in the alternative, a judgment against the then unknown defendant possessor. Fabco was named as defendant by amended complaint on May 8, 1981.

Fabco, in turn, sued Yoder as a third-party defendant since Fabco purchased the machine described from Yoder which allegedly knew or should have known that it did not have legal title to the "Wheelabrator" to sell.

Upon motions for summary judgment made by all of the parties, the trial court decided and ordered that summary judgment be granted to the plaintiff, Metalworking, against Fabco, and further that summary judgment be granted to Fabco against Yoder. Both summary judgments granted were in the amount of $15,000.

The specific finding of the trial court to which Yoder now addresses its appeal is that there was no estoppel created by the fact situation upon which Yoder can rely as a defense. Yoder contends that "it was error for the trial court not to allow * * * Yoder * * * to raise the defense of estoppel." This is the sole assignment of error. Technically, the court did not disallow the raising of an estoppel defense, it simply found the facts did not support an equitable estoppel defense.

Yoder's argument is basically, that since it gained possession of the "Wheelabrator" by purchasing same from East Coast, it is in privity with East Coast and also with Metalworking, and, therefore, that Metalworking is not estopped from asserting ownership in the machine.

Yoder cites to various authorities dealing with the application of estoppel and the meaning of privity as a requirement for estoppel to apply. However, this court finds that such authority has no bearing to the facts in this case.

"* * * [E]stoppel applies only to parties and privies. Strangers cannot be bound by it, nor can they take advantage of it. In other words, persons who are neither parties nor privies to a transaction can neither be bound by it nor rely upon it as an estoppel." See 42 Ohio Jurisprudence 3d (1983) 113, Estoppel and Waiver, Section 67.

Yoder argues that since it claims an interest in the "Wheelabrator," and obtained such machine from the same seller as did Metalworking, it has mutual rights in the machine and is, therefore, in privity with Metalworking. Yoder's position is that mere possession of the same property, namely the "Wheelabrator," binds the parties of this action in privity.

This court holds that the "possession" or "relationship" occurring in the instant case is not of the type to create privity nor to support estoppel.

"Privity implies *successive* ownership or possession of the identical estate in the same property." (Emphasis added.) 57 Ohio Jurisprudence 2d (1963) 712, Words and Phrases.

"Generally, one is in privity with another if he *succeeds* to an estate or an interest formerly held by the other; privity is a *succession* of interest or relationship to the same thing." (Emphasis added.) 32 Ohio Jurisprudence 2d (1984 Cum. Supp.) 12, Judgments, Section 248.

The operative concept in the above quotes is that of "succession" of possession or relationship. There was no succession of interest from Metalworking to Yoder in this case that can be recognized as creating privity.

Black's Law Dictionary (5 Ed. 1979), defines "privity" as follows:

"Mutual or successive relationship to the same rights of property. * * * '[P]rivity' is * * * mutual or successive relationships to the same right of property * * *. Derivative interest founded on, or growing out of, contract, connec-

tion, or bond of union between parties; * * *"

"Mutual" is defined in Black's as:

"Common to both parties. Interchangeable; reciprocal; * * *"

Appellant's basic argument is directed to the issue of privity and the necessity for privity to assert the defense of equitable estoppel. However, the case as submitted does not, in our opinion, warrant, in any event, the application of equitable estoppel.

It is appellant's argument that the plaintiff Metalworking should be estopped from asserting the fact of its own ownership of the machine because it, by leaving the machine in the possession of East Coast for some nine months, created an appearance of authority in East Coast to sell that machinery.

It is clear from the stipulated facts that Metalworking became the owner of the "Wheelabrator" on August 10, 1979. R.C. 1302.44(A) provides:

"A purchaser of goods acquires all title which his transferor had or had power to transfer * * *."

Assuming as we must that the transferor East Coast had title, this passed to Metalworking and no title remained in East Coast. It is clear then Yoder in fact acquired no title, since on April 4, 1980, East Coast had no interest to transfer.

What East Coast did have was possession, the machine having been left with it. Was the act of Metalworking in leaving possession with East Coast a sufficient basis upon which to create an estoppel of Metalworking to assert its actual ownership? We conclude it was not.

In 42 Ohio Jurisprudence 3d, *supra*, at 85, Section 54, it is stated:

"It is only when the owner, by his own affirmative act, has conferred the apparent title and absolute ownership upon another, upon the faith of which the chose in action has been purchased for value, that he is precluded from asserting his real title."

Here we are concerned with personalty but the principle applies. There needs to be some affirmative act on which to base estoppel. There is no affirmative act by Metalworking. It simply left the machine in situs. It did nothing actively to clothe East Coast with any authority to sell. Appellant argues that Metalworking was negligent in letting the machine sit in Coast's possession for nine months. However, there is nothing in the factual situation as stipulated to show the appellant was aware of this length of possession or relied on it. Had the sale taken place on succeeding days the situation would be the same so far as the length of possession without title by East Coast is concerned. There is no causal relationship between the length of time and the ultimate purchase. The causal relation asserted concerns only the fact of possession by East Coast, not the duration of that possession.

Thus, the issue narrows to the question whether or not simply possession by East Coast with permission by Metalworking without more and without respect to the duration of possession is a sufficient basis for estopping Metalworking from asserting its title. The answer must be that it is not.

In 28 American Jurisprudence 2d (1966) 686, Estoppel and Waiver, Section 63, it is said:

"Although mere possession and control of personal property are not ordinarily sufficient to estop the real owner from asserting his title against a person who has dealt with the one in possession on the faith of his apparent ownership, slight additional circumstances may turn the scale against the owner and estop him from asserting title against one who has purchased the property in good faith. * * *"

Here, however, there is nothing but possession involved. There are no indicia of ownership nor title documents entrusted to the possessor. The Ohio Uniform Commercial Code is quite clear

that to create apparent authority under it to sell there must be more than simple possession. There must be a merchant of a specific type. R.C. 1302.44(B) states:

"Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business."

Here the facts explicitly negate the application of this section as it is stipulated that East Coast was a manufacturing company and like machinery was not sold by it in the ordinary and usual course of its business.

There is evidence of no other act by Metalworking which could constitute this "slight additional circumstance."

We would conclude that there is no evidence sufficient to warrant a finding of estoppel and that the judgment of the trial court must be affirmed.

*Judgment affirmed.*

MILLER, P.J., and GUERNSEY, J., concur.