BLAKELY ET AL., APPELLANTS, *v.* CAPITAN ET AL., APPELLEES.

(No. 11-227—Decided
November 10, 1986.)

*Henry D. Rand, Jr.,* for appellants.
*Anthony J. Aveni,* for appellees.

FRANKLIN, J. This is an appeal from the decision of the Lake County Court of Common Pleas denying plaintiffs-appellants' request for a declaratory judgment extinguishing certain deed restrictions under the provisions of the Ohio Marketable Title Act, R.C. 5301.47 through 5301.56.

Appellants are the owners of a 1.089-acre vacant lot situated on the northeast corner of Mentor Avenue and Mill-More Road in Painesville Township, Lake County, Ohio. The pertinent ownership history of the parcel of land is as follows, in chronological order:

November 1, 1941 — Charles Ashman acquired title to the premises from Ralph Miller.

January 19, 1959 — Helen Ashman acquired title to the premises from Charles Ashman.

June 7, 1973 — Appellants Elbert and Mary Blakely acquired title to the premises from Helen Ashman.

Residential-only use restrictions on appellants' property were created in the November 1, 1941 deed from Ralph Miller to Charles Ashman. The title of Charles Ashman was subsequently transferred to Helen Ashman by certificate of transfer on January 19, 1959. This deed did not specifically recite the previous use restrictions; however, the deed did state that the transfer was "subject to restrictions as contained in the deed" from Ralph Miller to Charles Ashman.

Appellants acquired title from Helen Ashman in 1973. Again, no specific recital of the use restrictions was made in this deed.

The parties have stipulated that the 1941 deed from Ralph Miller to Charles Ashman is the "root of title" as applicable to the Ohio Marketable Title Act, and that no preservation notice pursuant to R.C. 5301.51 has been filed since the deed from Ralph Miller in 1941.

### Assignment of Error No. 1

"The trial court erred to the prejudice of plaintiffs-appellants in holding that a previous decision in Lake County Common Pleas Case No. 436 [*sic*], *Fetterman* v. *DiCarlo,* was dispositive of the issues in this case."

It is the position of the appellants that the trial court erred by holding that the case of *Fetterman* v. *DiCarlo* (Oct. 30, 1968), Lake C.P. No. 43643, unreported, was dispositive of the issues in this case. They contend that the parties stipulated that the *Fetterman* case did not involve the application or interpretation of the Marketable Title Act; therefore, the case was inapplicable to the case presently before the court and that *res judicata* cannot apply. We do not agree with appellants' position.

The root of title for the parcel of land in question is the 1941 deed from Ralph Miller to Charles Ashman. This parcel was created by Ralph Miller when he broke up a larger tract of land into many lots, all transferred by deed. Each of the deeds contained an identical restriction which limited the use of land to residential use only.

As the parties stipulated, on October 30, 1968, the Lake County Court of Common Pleas ruled in *Fetterman*

that the use restrictions of the 1941 Miller-Ashman deed are enforceable against the lands upon which they were imposed.

The trial court, in the case at bar, found that:

"The Court of Common Pleas having heretofore ruled in 1968 regarding the validity of the use restrictions, this Court is of the opinion that the judgment is dispositive of the issues here. It is not incumbent upon this court to look behind the 1968 judgment. The salient feature here is that the Lake County Court determined that the restrictions as imposed in 1941 were *valid* and *enforceable* against the land in question. This judgment regardless of the legal reasoning of the court cuts off that 1941 to 1968 period which the plaintiffs wish to use to get to 1985, establishing the 40-year period for invocation of the Ohio Marketable Title Act under R.C. 5301.47." (Emphasis *sic*.)

The court, therefore, found that the *Fetterman* case was "dispositive of the issues" in the present case. This was not a finding of *res judicata,* as the appellants argue. The court found that the 1968 judgment affected the forty-year period for invocation of the Ohio Marketable Title Act, not that the *Fetterman* decision was *res judicata* for the case before the Court.

The trial court was bound by the *Fetterman* decision only to the extent that the case represented a "title transaction" within the meaning of R.C. 5301.47(F). That section reads as follows:

"(F) 'Title transaction' means any transaction affecting title to any interest in land, including title by will or descent, title by tax deed, or by trustee's, assignee's, guardian's, executor's, administrator's, or sheriff's deed, or decree of any court, as well as warranty deed, quit claim deed or mortgage."

In other words, a title transaction could be the decree of any court which affects the title to any interest in land. Construing this provision liberally, as is mandated by R.C. 5301.55, the *Fetterman* judgment is a title transaction and the lower court correctly applied it to the case *sub judice.*

Thus, for the above reasons, this court finds that Assignment of Error No. 1 is not well-taken and it is hereby overruled.

### Assignment of Error No. 2

"The trial court erred to the prejudice of plaintiffs-appellants, in holding that plaintiffs-appellants were not entitled to relief sought under the Ohio Marketable Title Act."

This assignment of error is predicated on the trial court's finding that references to deed restrictions by general reference rather than specific recital were sufficient to prevent extinguishment of the restrictions under the Ohio Marketable Title Act. We agree with the judgment of the trial court.

R.C. 5301.49(A) provides that a "general reference" shall not be sufficient to preserve use restrictions. R.C. 5301.49(A) reads, in pertinent part:

"* * * provided that a general reference in such muniments, or any of them, to easements, use restrictions, or other interests created prior to the root of title shall not be sufficient to preserve them, unless specific identification be made therein of a recorded title transaction which creates such easement, use restriction, or other interest * * *."

After referring to this statute, one appellate court elaborated on it: "Language such as 'subject to easements and restrictions of record' is inadequate to preserve these interests, even though a general reference appears in the deeds of title which make up the entire forty year chain." *Semachko* v.

*Hopko* (1973), 35 Ohio App. 2d 205, 210, 64 O.O. 2d 316, 319, 301 N.E. 2d 560, 563.

In the case *sub judice*, the 1959 certificate of transfer from the estate of Charles Ashman to Helen Ashman contains the recitation:

"Subject to restrictions as contained in the deed from Ralph L. Miller and Myrna J. Miller to Charles Ashman recorded in Lake County Deed Records Volume 183, Page 241, as if the same were fully set forth herein."

This language goes beyond a mere general reference such as "subject to easements and restrictions of record." The recitation specifically identifies the recorded title transaction which creates the restrictions. All a party need do to find the complete recitation of the specific restrictions listed is to check at the county recorder's office.

As the 1959 certificate of transfer specifically identified the restrictions to which the deed was subject, the restrictions were therefore preserved and the Ohio Marketable Title Act does not apply.

Furthermore, as late as 1959, Helen Ashman was already owner of a one-half undivided interest which she took in the 1941 deed from Ralph L. Miller, and which specifically contained the written restrictions. Helen Ashman took from her husband's estate that which he owned, with all the rights, obligations and impediments of record. It was not necessary, therefore, that the deed recite the restrictions as they already existed. To hold otherwise would mean that the deed restrictions would exist on one half of the property and not on the deceased husband's one half. Such argument is without merit.

For all of the above reasons, appellants' second assignment of error is found not well-taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DONOFRIO and CASTLE, JJ., concur.

FRANKLIN, J., retired, of the Court of Common Pleas of Lucas County, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

DONOFRIO, J., of the Seventh Appellate District, sitting by assignment.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.