LENNON, Appellant, et al.,

v.

NEIL et al.;  Adams et al., Appellees.

[Cite as *Lennon v. Neil* (2000), 139 Ohio App.3d 437.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 99–L–141.

Decided Oct. 11, 2000.

438

*Michael P. Brown,* for appellant.

*Jeffrey M. McGaffick,* for appellees.

MARY CACIOPPO, Judge.

This is an appeal from the decision of the Lake County Court of Common Pleas denying appellant Larry Lennon, Jr.'s motion for summary judgment, granting appellees' (collectively referred to here as "Mill Morr residents") motion for summary judgment, and rendering appellant's motion to compel moot.

Appellant is a fee simple owner of a vacant lot situated on the corner of Mentor Avenue, otherwise known as U.S. Route 20, and Mill Morr Road in Painesville Township, Lake County, Ohio. Appellees are fee simple owners of residential parcels located on Mill Morr Road, and they seek continued enforcement of the residential-only use restriction on the property. Appellant, however, seeks to have this restrictive covenant voided on grounds that there has been a

substantial change in the character of the neighborhood from residential to commercial.[1]

Although the procedural history of this case is complex, the following events are relevant. Appellant's complaint, filed on October 19, 1998, sought a declaratory judgment rendering the deed restriction void and unenforceable so that he may construct commercial buildings and quiet title. When discovery began, appellees filed for a protective order barring appellant from obtaining federal income tax records from certain Mill Morr residents. As a result, appellant filed a motion to compel production of the requested tax returns in order to prove that their properties were being used for commercial purposes. Appellees responded to appellant's request for a motion to compel, asserting that federal income tax returns are confidential.

Soon thereafter, appellant filed a motion for summary judgment predicated on the theory that there had been substantial changes to the surrounding area of the Mill Morr Road subdivision from residential to commercial use. According to appellant, the deed restriction did not provide a substantial value to the residents of the Mill Morr Road subdivision. In response, appellees filed their own motion to dismiss or, in the alternative, motion for summary judgment on the basis of collateral estoppel in that the request to declare the deed restrictions void was previously decided in *Fetterman v. DiCarlo* (Sept. 24, 1968), Lake C.P. No. 43652, unreported, and *Blakely v. Capitan* (1986), 34 Ohio App.3d 46, 516 N.E.2d 248.

After considering numerous motions and responsive briefs, the trial court issued a judgment entry on August 16, 1999. Therein, the trial court acknowledged that the specific issue raised by appellant as to "whether the commercial development along Mentor Avenue has changed the residential character of the Mill Morr Road subdivision has been previously determined by this Court" in *Fetterman.* After taking *Fetterman* into account, the trial court recognized that the restrictive covenant at issue was previously determined by it in *Fetterman* to be valid and enforceable despite heavy commercial development in close proximity to the Mill Morr Road subdivision.

Therefore, pursuant to the doctrine of collateral estoppel, the trial court held that *Fetterman* was dispositive on the issues raised by appellant's suit and, consequently, barred his claim. As a result, the trial court granted appellees'

---

1. Although appellant's property has been zoned commercial, it should be recognized that " '[t]he fact that the deed restriction conflicts with the zoning of the property in question does not effect [*sic*] the residential use restriction of the property. See *West Hill Baptist Church v. Abbate,* 24 Ohio Misc. 66 [53 O.O.2d 107, 261 N.E.2d 196] (C.P. 1969) [*sic*].' *Lincolnshire* [*Assn.*] *v. J.C. Home Improvement* (Oct. 3, 1986), Lucas App. No. L–85–434, unreported [1986 WL 11085]." *Traverso v. Roy George Music & Vending Corp.* (Sept. 30, 1994), Lake App. No. 93–L–202, unreported, at *2, 1994 WL 587759.

motion for summary judgment, dismissed the complaint for declaratory judgment and to quiet title, denied appellant's motion for summary judgment, and found appellant's motion to compel to be moot.[2]

Appellant perfected a timely notice of appeal from this judgment and asserts three assignments of error for our consideration[3]:

"[1.]  The trial court erred to the prejudice of plaintiff-appellant in overruling appellant's motion for summary judgment.

"[2.]  The trial court erred to the prejudice of plaintiff-appellant in granting appellees' motion for summary judgment.

"[3.]  The trial court erred to the prejudice of plaintiff-appellant in failing to grant [his] motion to compel the production of certain discovery."

Before addressing the substance of appellant's assignments of error, we must articulate the appropriate standard of review.  In reviewing a trial court's entry of summary judgment, an appellate court employs the same Civ.R. 56(C) standard as does the trial court.  *Drawl v. Cornicelli* (1997), 124 Ohio App.3d 562, 566, 706 N.E.2d 849, 851.  Accordingly, Civ.R. 56(C) sets forth the standard for granting a motion for summary judgment:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule."

Under Ohio law, summary judgment is appropriate when (1) there is no genuine issue as to any material fact;  (2) the moving party is entitled to judgment as a matter of law;  and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such

---

2.  The trial court recognized that the defense of collateral estoppel may not be properly raised in a motion to dismiss "as it requires consideration of materials outside of the pleadings[;] therefore, it is a matter properly raised upon summary judgment."

3.  Pursuant to a judgment entry issued by this court on October 26, 1999, we acknowledged that this court might not have had jurisdiction to consider this appeal under Civ.R. 54(B) because certain counterclaims remained pending in the court below.  Consequently, appellant was ordered to show cause as to why the appeal should not be dismissed for lack of jurisdiction.  A second judgment entry from this court dated December 2, 1999 indicated that on September 9, 1999, the counterclaim had been voluntarily dismissed by appellees.  Thus, it appeared that this court had jurisdiction to consider this appeal.  As a result, the trial court's judgment entry date is September 9, 1999, rather than August 16, 1999, due to the subsequent voluntary dismissal of the counterclaim.  Accordingly, appellant filed his notice of appeal on September 22, 1999, which was within the thirty-day time period prescribed in App.R. 4.

party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 268, 617 N.E.2d 1068, 1071; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884.

■ A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. *Id.* If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. *Id.* However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. *Id.*

■ It is not the place for the trial court, in a summary judgment exercise, either to weigh the evidence before it or to accept one party's interpretation of that evidence *in toto*. *Hietanen v. Renstchler* (Dec. 17, 1999), Geauga App. No. 98–G–2187, unreported, at 14–15, 1999 WL 1313634; *Tesco Real Estate, Inc. v. K–Y Residential, Commercial & Indus. Dev. Corp.* (Feb. 17, 1995), Trumbull App. No. 94–T–5093, unreported, at 5, 1995 WL 89972. Instead, Civ.R. 56 requires that the evidence presented be construed most favorably for the nonmoving party, unless the evidence is so one-sided or so unreliable that one party must prevail as a matter of law. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, 1126.

Now we consider appellant's first assignment of error. In general, appellant contends that the trial court improperly denied his motion for summary judgment because there were substantial changes to the neighborhood to such an extent that the subdivision restriction had lost its value in keeping the property residential. According to appellant, it is apparent that the neighborhood has been developing from a residential to a commercial district in that houses have been converted or demolished to make way for commercial development.

Appellant also finds fault with certain evidentiary material attached to appellees' motion for summary judgment. Appellant suggests that the affidavit of appellee Marjorie Weaver was inadmissible because her statements did not comply with Civ.R. 56(E) and Evid.R. 702. The affidavit of appellee John W. Cordell was inadmissible because, according to appellant, it incorporated imper-

missible hearsay and did not address any pertinent issue. The affidavit of Donald C. Welsh was inadmissible because it did not comply with Evid.R. 702. Appellant also claims that these affidavits failed to state that each affiant had personal knowledge of matters, failed to demonstrate competency of the affiant, failed to indicate the age or mental status of the affiant, and failed to dictate that the facts contained in the affidavit are true. Additionally, appellant challenges the admission of a report submitted by appellees entitled "REAL ESTATE CONSULTING REPORT" on grounds that it did not comply with Evid.R. 702 and was not sworn.

Next, appellant argues that the trial court created an unfair burden for him to meet when it failed to consider changes in the surrounding area, not just those within the Mill Morr Road subdivision. Appellant cites *Lincolnshire Assn. v. J.C. Home Improvement* (Oct. 3, 1986), Lucas App. No. L–85–434, unreported, 1986 WL 11085, to support his position and argues that changes in the surrounding area should have been considered by the trial court in determining the validity of the restrictive covenant.

Additionally, appellant suggests that the trial court applied an incorrect standard in determining whether there had been enough of a change in use from residential to commercial. Appellant turns our attention to a portion of the trial court's judgment entry which stated: "Plaintiffs [appellant] have failed to provide evidence that the Mill Morr Road subdivision itself has *changed completely* from residential to commercial use." (Emphasis added.) Instead, the substantial change standard is all that was required.

Finally, appellant claims that the court below incorrectly applied the doctrine of collateral estoppel to this matter, since collateral estoppel requires consideration of the same facts that have been litigated in a prior action. According to appellant, it was error for the trial court to find that the 1968 *Fetterman* decision was dispositive on the issues raised by his present lawsuit.

■ First, we will address the issue of whether the trial court erred in barring appellant's claim on the basis of collateral estoppel.

■ The doctrine of collateral estoppel, otherwise known as issue preclusion, prevents parties from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140, 144; *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 922–923. The following factors must be satisfied in order for collateral estoppel to apply:

■ "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral

estoppel is asserted was a party in privity with a party to the prior action." *Thompson* at 183, 637 N.E.2d at 923 citing *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, paragraph two of the syllabus.

Next, we will briefly summarize the 1968 *Fetterman* decision rendered by the Lake County Court of Common Pleas. The action was brought by numerous residents of Mill Morr Drive "to enforce [residential-use only] restrictions contained in various deeds to property on the street and the cross-petition is one to have the same restriction declared null and void." *Fetterman* at 389. The following issues were presented to the trial court for consideration: (1) whether the deed restriction was valid and enforceable, (2) whether the restriction be enforced even though there has been prior violations by residents of Mill Morr Drive, and (3) whether substantial changes in the neighborhood extinguished the restriction. *Id.* at 389–390.

With regard to increased commercial development, the *Fetterman* court acknowledged:

"[P]roperty owned by cross-petitioner fronts upon U.S. Rt. # 20, also known as Mentor Avenue, a heavily traveled road and the Court finds that on such highway there has been substantial change in the condition of the use of property fronting on said road in that *numerous commercial establishments have been constructed within a relatively close distance of the cross-petitioner's property.*" (Emphasis added.) *Id.* at 390.

Nevertheless, the trial court recognized that despite the substantial changes occurring along Mentor Avenue due to the construction of "numerous commercial establishments," the deed restriction still remained valid and enforceable. *Id.* at 390–391.

After taking this matter under consideration, it is the opinion of this court that appellant is collaterally estopped from relitigating the issue of whether the commercial development along Mentor Avenue has changed the residential character of the Mill Morr Road subdivision. This issue has been fully and fairly litigated in *Fetterman* by the same parties involved in this case—the residents of Mill Morr Road subdivision and a party who took the property on the corner of Mentor Avenue and Mill Morr Road subject to a restrictive covenant.

Appellant, however, looks to *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, for support and maintains that *Fetterman* involves a set of facts more than thirty years old while all of the facts charged in the instant matter are from the 1990s.

The Supreme Court of Ohio has carved out an exception to the application of the doctrine of collateral estoppel in *Westchester Estates:*

"Where, however, there has been a change in the facts in a given action which either raises a new material issue, or which would have been relevant to the resolution of a material issue involved in the earlier action, neither the doctrine of *res judicata* nor the doctrine of collateral estoppel will bar litigation of that issue in the later action." *Id.* at 45, 15 O.O.3d at 55, 399 N.E.2d at 83.

Although there is undisputedly a significant time gap of approximately over thirty years between *Fetterman* and the instant matter, no change in facts has occurred since the *Fetterman* decision was rendered in that the essential character of the Mill Morr Road subdivision remains residential while Mentor Avenue remains commercial.

█ Even if appellant was not collaterally estopped from relitigating this issue, the residential use restriction continues to be valid in the face of the increased commercialization of the surrounding area because appellant's property serves as a "buffer." *Lincolnshire* at 2–3. Appellant's property borders the Mill Morr Road neighborhood and Mentor Avenue and may be characterized as a "stop gap for the advance of commercialization." *Id.* at 2.

█ In light of the above analysis, this court concludes that since the issue of whether the commercial development along Mentor Avenue has changed the residential character of Mill Morr Road subdivision has been (1) directly litigated in a prior action, (2) adjudicated before a court of competent jurisdiction, and (3) involved a party who has privies to a party in the prior action, collateral estoppel bars appellant from relitigating this identical issue now.[4]

█ After considering the trial court's judgment entry, we further conclude that appellant is incorrect in his assertion that the trial court did not consider the changes that occurred outside the subdivision in reaching its conclusion that the restrictive covenant was still enforceable. The record reflects that the trial court permitted the introduction of evidence regarding the commercial development outside the subdivision. Such evidence included a map of the surrounding area submitted by appellant and an affidavit of Darrell Webster, Director of the Lake County Planning Commission, also submitted by appellant, that addressed the recent changes occurring on Mentor Avenue.

In addition, the trial court's due consideration of this evidence is reflected in its judgment entry. For example, the trial court specifically stated:

---

4. Privity is a succession of interest or relationship to the same thing. One is in privity with another if he/she succeeds to an estate or an interest formerly held by the other. *Metalworking Machinery Co., Inc. v. Fabco, Inc.* (1984), 17 Ohio App.3d 91, 92, 17 OBR 152, 153–154, 477 N.E.2d 634, 636–637.

"The continuing commercial development along Mentor Avenue has not intruded upon the residential character of the immediate neighborhood comprising the dwelling houses along Mill Morr Road. This Court is not persuaded by plaintiffs' argument regarding changes over the past two years in the surrounding area as the changes outlined do not involve the restricted property."

Further, the judgment entry reflects that the trial court "considered the changes cited by plaintiffs and finds that as a matter of law commercial development in close proximity to Mill Morr Road subdivision has been continuous and significant for a number of years, but has not intruded upon the residential character of the immediate neighborhood comprising the dwelling houses along Mill Morr Road."

The above-mentioned statements demonstrate that the trial court did consider the evidence of changes outside the subdivision and, from this evidence, determined that said changes were insufficient, in and of themselves, to invalidate the restrictive covenant because the Mill Morr Road subdivision has remained a residential neighborhood.[5] See *Autozone v. Babcock* (Apr. 1, 1996), Licking App. No. 95CA39, unreported, at 4–5, 1996 WL 243800 (upholding the trial court's finding of fact and conclusion of law which stated that changes outside the subdivision were insufficient, alone, to invalidate the restrictive covenant because the restricted area remained a residential neighborhood). Furthermore, the trial court's judgment entry shows that the court applied the substantial change standard for determining the enforcement of a restrictive covenant.

To briefly summarize, we hold that the trial court properly denied appellant's motion for summary judgment on the basis of collateral estoppel. Therefore, appellant's first assignment of error is without merit.

■■■ In appellant's second assignment of error, he maintains that it was error for the trial court to grant appellees' motion for summary judgment because the trial court improperly construed the facts in appellees' favor rather than in his favor.

As we previously mentioned, in reviewing a trial court's entry of summary judgment, an appellate court employs the same Civ.R. 56(C) standard as the trial court. Further, Civ.R. 56 requires that the evidence presented on a summary judgment motion be construed most favorably for the nonmoving party. In determining whether a restrictive covenant should be declared unenforceable, the applicable test has been outlined by this court in *Traverso*:

" 'Where there is a *substantial change in the character of a neighborhood* to such an extent that the restriction as to residences only has lost its value, then,

---

5. In its judgment entry, the trial court noted: "The subdivision itself has not experienced a radical or substantial change in its residential character. * * * "

upon a proper showing by *clear and substantial evidence*, the court may declare the restriction no longer binding upon the property. *Hayslett v. Shell Petroleum Corp.* (1930), 38 Ohio App. 164, 175 N.E. 888.' See, also, *Nutis v. Schottenstein Trustees* (1987), 41 Ohio App.3d 63, 534 N.E.2d 380." (Emphasis added.) *Traverso v. Roy George Music & Vending Corp.* (Sept. 30, 1994), Lake App. No. 93–L–202, unreported, at *1, 1994 WL 587759.

■ Here, appellant has not shown by clear and substantial evidence that there has been a substantial change in the character of the Mill Morr Road subdivision from residential to commercial. Appellant suggests that the Mill Morr Road subdivision was being used other than exclusively for dwelling purposes in that a certain residence was being used as a plumbing business and advertised as such in a telephone listing. However, appellant did not introduce evidence to demonstrate that this particular residence has substantially changed the residential character of the Mill Morr Road subdivision neighborhood. Specifically, appellant did not introduce evidence that the residence itself bears signs, advertisements, or billboards publicizing the plumbing business within the subdivision. Nor did appellant introduce evidence that the residence's alleged plumbing business had increased the flow of traffic or invited commercial traffic into the Mill Morr Road neighborhood. Moreover, a minor infraction of the restrictive covenant is "not of such a nature as to estop * * * [the residents] from enforcing the basic restriction on the use of the property." *Fetterman* at 390.

■ As we mentioned earlier, although appellant provided evidence of commercialization on Mentor Avenue, changes outside the subdivision were insufficient, in and of themselves, to invalidate the residential use restriction because the restricted area of the Mill Morr Road subdivision remained a residential neighborhood. *Autozone* at 4–5.

Thus, upon considering all of the evidence and construing it most strongly in appellant's favor, we conclude that no genuine issue of material fact exists as to whether there has been a substantial change in character of the Mill Morr Road subdivision neighborhood. Accordingly, appellant's second assignment of error is meritless.

Appellant's third assignment of error will not be considered, since appellant's suit is barred by the doctrine of collateral estoppel. Accordingly, appellant's third assignment of error is moot.

Based on the foregoing review, appellant's assignments of error are not well taken, and the decision of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.