For the reasons that follow, I respectfully dissent from that portion of the majority opinion which concludes that it was appropriate for the trial court to grant summary judgment in favor of appellee on appellant's negligence claim involving an injury to his right hand.
Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Lennon v. Neil (2000), 139 Ohio App.3d 437, 441-442.
The initial burden lies with the movant to inform the trial court of the basis for the summary judgment motion and to identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claims. Lennon
at 442. If the moving party has satisfied its initial burden, then the non-moving party has the burden to respond, by affidavit or as otherwiseprovided by Civ.R. 56(C), so as to demonstrate that there is a genuine issue of fact. Id.
In the instant matter, appellee filed a motion for summary judgment arguing that appellant's negligence claim must fail because he could not proffer any evidence establishing the existence of an injury. As to this point, the majority notes that appellant did not produce any medical evidence to demonstrate that he actually sustained an injury. However, Civ.R. 56(C) does not require appellant to produce medical evidence in order to overcome a summary judgment exercise. Rather, appellant was required to point to some evidence of the type listed in Civ.R. 56(C), which includes affidavits and deposition testimony, to support his assertion that he had sustained an injury to his right hand.
In accordance with Civ.R. 56(C), appellant submitted an affidavit in opposition to appellee's motion for summary judgment which raised an issue of material fact in relation to whether he had sustained an injury to his right hand. Specifically, appellant averred that "[a]fter [he] was loaded into the ambulance, [the attendants] took notice of [his] protest of pain as a result of [his] right hand and right wrist being crushed between the upper and lower structures of the ambulance stretcher."
The majority, however, did not refer in any way to appellant's affidavit or the fact that it was consistent with his prior deposition testimony. A reviewing court cannot disregard an affidavit absent a finding by the trial court that the affidavit was made in bad faith pursuant to Civ.R. 56(G). Aglinsky v. Cleveland Builders Supply Co. (1990), 68 Ohio App.3d 810, 816 (holding that the grant of summary judgment for defendant was error when the trial court characterized plaintiff's summary judgment affidavits as "blatantly false" and the trial court relied on such reasoning to strike the affidavit and grant summary judgment for defendant). As a result, the affidavit provided by appellant must be considered truthful for summary judgment review.Aglinsky at 816.
Essentially, what the majority has done here is determine the credibility of appellant's affidavit and deposition testimony, contrary to the purpose of Civ.R. 56(C). It is not the place of the trial court or a reviewing court, in a summary judgment exercise, to weigh the evidence before it. Lennon at 442; Carver v. Deerfield Twp. (2000),139 Ohio App.3d 64, 69; Aglinsky at 817. Instead, Civ.R. 56 requires that the evidence presented be construed most favorably for the nonmoving party, unless the evidence is so one-sided or so unreliable that one party must prevail as a matter of law. Turner v. Turner (1993),67 Ohio St.3d 337, 340.
Therefore, reviewing the evidence without determining the credibility of appellant's affidavit and construing the evidence most favorably for the nonmoving party, appellant, it must be concluded that appellee was not entitled to summary judgment. Appellant's affidavit presents a genuine issue of material fact as to whether he, indeed, sustained an injury to his right hand. See Coleman v. Kindercare Learning Ctr. Inc. (Dec. 30, 1999), Franklin App. No. 99AP-259, unreported, 1999 WL 1267321, at 4 (holding that the trial court did not error in granting summary judgment in favor of defendant as to plaintiffs' negligence claim when plaintiffs failed to file affidavits demonstrating an injury). See, also, Ellis v. Midwestern Indemn. Co. (1993), 85 Ohio App.3d 289, 294.
For these reasons, I would reverse the judgment of the trial court and hold that appellee was not entitled to summary judgment on appellant's negligence claim involving his right hand.