OPINION
In this accelerated calendar case submitted on the briefs of the parties, appellant, Progressive Insurance Company, appeals the judgment of the Trumbull County Court of Common Pleas finding appellee, Cynthia DiClaudio, administratrix of the estate of Joshua Landis, to be entitled to uninsured motorist coverage. For the reasons that follow, we affirm the judgment of the trial court.
The following facts are relevant to this appeal. On March 10, 2000, appellee filed a complaint against appellant, her insurance company. Previously, her claim under the uninsured motorist provision of the policy had been denied following the death of her son in an automobile accident. At the time of the accident, which occurred on September 6, 1999, the decedent was a passenger in a vehicle driven by his father, Mr. David Landis ("Mr. Landis").[1] According to Mr. Landis, the accident was caused when he swerved to avoid an unlit disabled vehicle, which subsequently disappeared.
On June 16, 2000, appellant filed its answer and counterclaim for declaratory judgment, arguing it had a right to set-off from the $100,000 already paid to appellee from Mr. Landis' insurance company, and that an anti-stacking provision in the policy precluded coverage. Appellee responded by filing a motion for judgment on the pleadings, contending appellant was not entitled to set-off because she was seeking recovery under R.C. 3937.18(A)(1). Appellee also asserted the combined negligence of the two tortfeasors permitted her to recover a total of $200,000.
In turn, appellant filed its motion for judgment on the pleadings. Thereafter, appellee filed her motion for summary judgment, reiterating her arguments set forth in the previous motion for judgment on the pleadings, while appellant filed a cross-motion for summary judgment.
In a judgment entry dated December 11, 2000, the trial court granted summary judgment in favor of appellee determining that the unknown operator of the disabled vehicle was a joint tortfeasor. The court further found that because of the existence of joint tortfeasors, the anti-stacking provision would not prevent uninsured benefits from being paid to the extent of the damages proven by appellee.
It is from this judgment appellant appeals submitting the following assignments of error for our consideration:
 "[1.] The trial court erred in granting appellee's motion for summary judgment where there is a genuine issue of material fact as to whether an unidentified vehicle was a proximate cause of the accident.
 "[2.] The trial court erred in granting appellee's motion for summary judgment and denying appellant's cross-motion for summary judgment where a valid, anti-stacking provision in its policy entitles Progressive to judgment as a matter of law."
 Because the first and second assignments of error challenge the trial court's decision to grant summary judgment in favor of appellee, we will lay out the appropriate standard of review.
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Lennon v. Neil
(2000), 139 Ohio App.3d 437, 441-442.
In general, a negligence action can be determined in a summary judgment exercise so long as there is not a genuine issue of material fact with respect to the essential elements of the negligence claim. However, it is not the place of the trial court or the reviewing court, in a summary judgment exercise, to weigh the evidence before it. Lennon at 442; Carverv. Deerfield Twp. (2000), 139 Ohio App.3d 64, 69. Instead, Civ.R. 56 requires that the evidence presented be construed most favorably for the nonmoving party. Turner v. Turner (1993), 67 Ohio St.3d 337, 340.
Now we consider appellant's first assignment of error. In general, appellant urges that the trial court erred in granting summary judgment in favor of appellee because a genuine issue of material fact exists regarding whether an unidentified vehicle was the proximate cause of the accident. According to appellant, appellee failed to produce independent third-party testimony establishing that the unidentified vehicle proximately caused the accident as none of the third-party witnesses offered by appellee actually witnessed the accident. Appellant believes that, at best, the third-party witnesses only establish the existence of the unidentified disabled vehicle.
"In the past, many insurers refused to provide uninsured motorist coverage in cases where an unknown negligent driver left the scene of the accident and there was no evidence of physical contact between the negligent driver's car and the insured driver's car." Dunne v. NationwideIns. Co. (Aug. 10, 2001), Lucas App. No. L-01-1047, unreported, 2001 WL 909273, at 2. However, the Supreme Court of Ohio in Girgis v. State FarmMut. Auto. Ins. Co. (1996), 75 Ohio St.3d 302, paragraph one of the syllabus, rejected all clauses in insurance contracts that require "physical contact as an absolute prerequisite to recovery under the uninsured motorist coverage provision." See, also, Globe Am. Cas. Co. v.Feterle (Nov. 21, 1997), Portage App. No. 96-P-0220, unreported, 1997 WL 752628, at 2. In its place, the court adopted the corroborative evidence test:
 "The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident. * * *" (Citations omitted.) Girgis at paragraph two of the syllabus.
 "Girgis only requires corroborating evidence, not eyewitness testimony or evidence in order for a claim to go forward." England v. Grange Mut. Cas. Co. (Dec. 23, 1997), Franklin App. No. 97APEO7-894, unreported, 1997 WL 798297, at 2. See, also, Lazovic v. State Auto Ins. Co. (July 9, 1998), Cuyahoga App. No. 72968, unreported, 1998 WL 382172, at 2. "Corroborating evidence is evidence which supplements evidence that has already been given and which tends to strengthen or confirm it. It is additional evidence, of a different character, to the same point." England at 2. See, also, Muncy v. Am. Select Ins. Co. (1998), 129 Ohio App.3d 1, 6-7; Combs v. Allstate Ins. Co. (June 29, 2000), Franklin App. No. 99AP-822, unreported, 2000 WL 860416, at 3; Lazovic at 2.
Thus, the key issue in this case is whether appellee's uninsured motorist claim can survive the corroborative evidence test. For the reasons that follow, we determine that appellee's evidence from two independent third parties, Mr. Kenneth R. Burton ("Mr. Burton") and Mr. Joseph P. Spezeale ("Mr. Spezeale"), corroborated Mr. Landis' claim that the driver of an unidentified vehicle was a proximate cause of the accident. Given that no issue of material fact exists as to the proximate cause of the accident, appellee was entitled to summary judgment on the claim for uninsured motorist coverage.
To support her motion for summary judgment, appellee attached copies of traffic crash witness statements taken by the Ohio State Highway Patrol, which were signed and notarized by each of the witnesses. According to Mr. Landis, while he was traveling in the left lane on State Route 11, he suddenly came upon an unlit disabled vehicle:
 "I was southbound on SR11 and I was in the left passing lane[.] All of a sudden I saw a car stopped on the side of the passing lane berm[.] I swerved to miss this car and went into the rt., [right] slow lane and thought I was going to get hit by a car behind me[.] [T]hen I swerved back left and lost control of the car and went into the median and tried to stop in the median but couldn't stop[.] [T]hen we went into the oncoming lane and were hit head on.
"* * *
 "Q. Was the car parked on the berm with or without lights?
"A. I do not recall any lights.
"* * *"
 Further, Mr. Burton confirmed Mr. Landis' version of events when he stated that he assisted an unlit disabled vehicle in the left lane of State Route 11 and then proceeded to help the victims in the crashed vehicle:
 "I was southbound on SR 11 * * *. I was in the left passing lane and there was a disabled car in the left passing lane. I just missed hitting him so my buddy and I pulled over to help push him off the road. * * * I did not know that this guy [the driver of the unlit disabled vehicle] had just caused the crash across the road because he said he was out of gas and wanted to know it I could give him some. * * * So my buddy and I pushed him off the road and then I ran over to see if I could help with the crash until the police came."
 In addition, Mr. Spezeale was also travelling southbound on State Route 11 when "[he] saw a man pushing a disabled car with the driver's door open trying to push it into the median."[2]
Accordingly, both Mr. Burton and Mr. Spezeale confirmed the existence of an unlit disabled vehicle in the same lane and at approximately the same time as claimed by Mr. Landis. Having construed the evidence most strongly in favor of appellant, the non-moving party, reasonable minds could draw but one conclusion, to-wit: that the operator of the disabled vehicle was a proximate cause of the accident. Therefore, under these particular circumstances, appellee has satisfied Girgis by providing independent third party evidence to corroborate Mr. Landis' claim that an unidentified vehicle was a proximate cause of the accident. Appellant's first assignment of error is without merit.
In its second assignment of error, appellant challenges the trial court's decision that uninsured motorist coverage exists. As to this point, appellant submits that appellee's claim is barred because of the anti-stacking clause in the insurance contract. According to appellant, appellee recovered uninsured motorist coverage from Mr. Landis' policy, which had identical amounts of coverage to that offered under appellant's policy. From this, appellant concludes that its policy is only required to provide coverage in excess to the coverage provided by Mr. Landis' policy. Because those policies are identical, appellant argues there was no excess coverage from which appellee could recover.
Appellee counters by contending that the coverage of the two policies must be viewed separately because two joint tortfeasors caused the accident. According to appellee, the negligence of her ex-husband, Mr. Landis, and of the driver of the disabled vehicle combined to cause the accident. As such, appellee contends that the anti-stacking provision is inapplicable because of the separate negligence of each tortfeasor. Thus, appellee maintains that had her son been killed as the result of the combined negligence of two insured tortfeasors, both having $100,000/$300,000 liability limits, she would be entitled to receive up to $200,000 for her loss.
The purpose of uninsured motorist coverage is to protect people from losses which would go uncompensated because of the tortfeasor's lack of liability coverage. Moore v. State Auto. Mut. Ins. Co. (2000),88 Ohio St.3d 27, 31. Even so, R.C. 3937.18(G)(1) permits insurance companies to exclude interfamily stacking by persons who are not members of the same households. Appellant argues appellee did precisely this by seeking to recover under her own uninsured motorist coverage after the estate was paid $100,000 by her ex-husband's insurer for the same accident.
The question to be resolved is whether the joint negligence of the unknown tortfeasor precludes appellant from applying the interfamily stacking exclusion. In Motorist Mut. Ins. Co. v. Tomanski (1971),27 Ohio St.2d 222, syllabus, the Supreme Court of Ohio held:
 "Where the occupant of a motor vehicle, covered under an uninsured motorist insurance contract obligating insurer to `pay all sums which the insured or his legal representatives shall be legally entitled to recover from the owner or operator of an uninsured automobile because of bodily injury,' is injured in an accident with an uninsured automobile, his right of recovery under the contract is not eliminated by the presence of an insured motor vehicle in the same accident."
 Recently, the Fifth Appellate District applied Tomanski in a case where the decedent died as the result of the negligence of two tortfeasors. In Ross v. State Auto. Mut. Ins. Co. (Feb. 26, 2001), Licking App. No. 00CA69, unreported, 2001 Ohio App. LEXIS 733, at 6-7, the court noted that the principle underlying the holding of Tomanski treated each tortfeasor separately, permitting recovery against each.
In the instant case, the decedent was a passenger in a vehicle driven by his father. Because of a household exclusion, Mr. Landis' insurance company paid the estate the policy limit of $100,000 under its uninsured motorist provision.[3] Appellee is now seeking to recover from appellant, her own insurer, under the uninsured motorist coverage because of the negligence of the unknown motorist. If an unknown motorist was partially negligent in the underlying accident, then appellee is not attempting to stack her policy with that of the decedent's father. Instead, appellee is trying to recover for the negligence of a separate tortfeasor. As such, R.C. 3937.18(G) is inapplicable.
Accordingly, the trial court did not err in finding that the anti-stacking provision of appellant's insurance policy did not prevent appellee from seeking uninsured benefits, to the extent she is able to prove damages. Appellant's second assignment of error is, therefore, not well-taken.
Based on the foregoing analysis, appellant's two assignments of error are without merit, and the judgment of the trial court is affirmed.
NADER, J., concurs, GRENDELL, J., dissents with Dissenting Opinion.
[1] Mr. Landis was the ex-husband of the administratrix.
[2] While neither Mr. Burton nor Mr. Spezeale claimed to have personally observed the accident, this should not defeat appellee's ability to use their statements to corroborate Mr. Landis' claim.
[3] During the proceedings below, both appellant and appellee conceded to the fact that Mr. Landis' insurance company paid the estate $100,000 under its uninsured motorist provision.