JOURNAL ENTRY and OPINION
{¶ 1} Defendants-appellants, Thomas Richard ("Richard") and Dacia Love ("Love") (collectively "appellants") appeal the common pleas court's decision denying their motion to show cause. Finding no merit to the appeal, we affirm.
 {¶ 2} In 1999, the Cleveland police ("CPD") executed a search warrant at appellants' home, and seized crack cocaine, $12,000, and keys to several safe deposit boxes. CPD obtained a search warrant for the safe deposit boxes and seized an additional $174,206 in cash. Appellants were jointly indicted for one count of trafficking in cocaine with a schoolyard specification, two counts of preparation of drugs for sale with schoolyard specifications, two counts of possession of drugs, and one count of possessing criminal tools. The State also filed a petition requesting the forfeiture of items seized during the execution of the two search warrants.
 {¶ 3} Appellants filed a motion to dismiss the forfeiture petition, which the trial court granted because the State failed to timely file the petition. The court further ordered the return of $174,206 to appellants. The common pleas court's administrative judge then issued an order, which directed that the money was not to be returned until the disposition of the criminal case. The administrative judge later vacated the entry.
 {¶ 4} In July 2000, the United States obtained a federal seizure warrant and filed a forfeiture complaint. The Drug Enforcement Agency ("DEA") served CPD with the seizure warrant and CPD turned over the money seized from appellants.
 {¶ 5} Richard and Love filed a claim in the United States District Court for return of the money. The district court granted the United States' motion for summary judgment, finding that the appellants lacked sufficient legitimate income to support the possession of that large a sum of money. Appellants appealed, and the Sixth Circuit Court of Appeals upheld the district court's ruling. United States v. $174,206.00 in U.S.Currency (6th Cir., 2003), 320 F.3d 658.
 {¶ 6} Soon after CPD turned over the seized money to the DEA, appellants filed a motion in common pleas court demanding that the State show why it should not be held in contempt of court for violating the trial court's order to return the money to appellants. The motion also requested the return of the seized money, payment of interest on the money, and attorney fees.
 {¶ 7} The trial court held a hearing on the motion to show cause in August 2000. Appellants obtained a recess to secure additional witnesses, but the hearing was not reconvened.
 {¶ 8} In September 2000, a jury trial commenced on the criminal charges, and both of the appellants were convicted of possession of drugs, and Richard was also convicted of preparation of drugs for sale with a schoolyard specification. This court affirmed their convictions, and the Ohio Supreme Court declined further review. State v. Richard, Cuyahoga App. No. 78813, 2002-Ohio-9; State v. Love, Cuyahoga App. No. 78850, 2002-Ohio-6.
 {¶ 9} In October 2000, appellants filed a motion seeking the return of seized property, which the trial court granted. However, the court took no further action until 2004, when appellants filed a motion to resume the show cause hearing and a motion to require the State to comply with the trial court's order to return the seized property. The court denied appellants' motion, and this appeal follows.
 {¶ 10} Appellants raise three assignments of error; the first and third will be addressed together. In their first assignment of error, appellants argue that the trial court erred when it denied their motion to show cause. In the third assignment of error, appellants argue that the trial court erred in determining that it did not exercise in rem jurisdiction when it ordered that the forfeited money be returned to its owners. We find that the federal courts have already determined appellants' claims; therefore, they are barred by res judicata.
 {¶ 11} A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim or issue arising out of the same transaction or occurrence that was the subject matter of a previous action. Grava v. Parkman Twp., 73 Ohio St.3d 379,381, 1995-Ohio-331, 653 N.E.2d 226. A "transaction" is a "common nucleus of operative facts." Id. quoting 1 Restatement of the Law 2d, Judgments (1982), Section 24, Comment b.
 {¶ 12} Further, it does not matter that the court which previously decided the claim is of a different jurisdiction than the court currently deciding the claim. We have said that, to the extent to which a federal court judgment operates as res judicata in the federal court, it also operates as res judicata in Ohio state courts. Powell v. Doyle (Oct. 8, 1998), Cuyahoga App. No. 72900, citing Horne v. Woolever (1959), 170 Ohio St. 178,163 N.E.2d 378. Further, the Ohio Supreme Court has held that a claim litigated to finality in the United States District Court cannot be relitigated in a state court when the state claim involves the identical subject matter previously litigated in federal court, and there is presently no issue of party or privity. Rogers v.City of Whitehall (1986), 25 Ohio St.3d 67, 494 N.E.2d 1387. Therefore, if appellants' claim was already decided in federal court, they are barred from raising the same claim in state court.
 {¶ 13} In order for a claim to be barred on the grounds of res judicata, the new claim must share three elements with the earlier action: (1) identity of the parties or their privies; (2) identity of the causes of action; and (3) a final judgment on the merits. Omlin v. Kaufmann Cumberland Co., L.P.A., Cuyahoga App. No. 82248, 2003-Ohio-4069, citing, Horne, supra.
 {¶ 14} In determining that res judicata bars the appellants' state law claims, we find the parties in the federal action and the instant state action are in privity, i.e., they each have an interest in the legal action to which they are not a party arising out of their relationship to one another. See Kirkhartv. Keiper, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, at ¶ 8 (for purposes of res judicata, a mutuality of interest, including an identity of desired result, may create privity). Privity has also been described as a succession of interest or relationship in the same thing. Metalworking Mach. Co. v. Fabco,Inc. (1984), 17 Ohio App.3d 91, 477 N.E.2d 634. The state and federal governments have the same interest in the forfeiture of the money seized from appellants. Moreover, the appellants were attempting to effect the return of the money from both entities. Therefore, we find the first prong has been satisfied.
 {¶ 15} The second element of res judicata, the identity of the causes of action, has also been established. Although the motion to show cause was a demand for the State to be held in contempt, which was not an issue raised in federal court, we find dispositive the fact that the motion also demanded the return of appellants' money. The appellants' motion to show cause in state court was essentially a claim the appellants were entitled to the money, and the State wrongfully gave the money to federal authorities and should be held in contempt. Both the state and federal claims involve a request for return of the money; therefore, we find that the causes of action are the same.
 {¶ 16} Finally, we find that there was a final judgment on the merits in the federal case. The district court held that the money was subject to forfeiture and the United States Court of Appeals affirmed that decision.
 {¶ 17} Moreover, even if we found the trial court should have held the State in contempt for not returning the money to appellants, we are without the authority to order its return. Neither the State nor CPD have actual possession of the money. The State turned over the money to the federal government in 2000, four years before the trial court denied appellants' motion to show cause. Additionally, the federal appeals court upheld the forfeiture of the money to the federal government in 2003. Therefore, any consideration of the return of the money is moot.
 {¶ 18} Appellants further argue that their claims should be governed by R.C. 2933.43. We disagree. The Ohio Supreme Court has held that if property is forfeited under federal law, it is immaterial what R.C. 2933.43 provides regarding its return.Chandler v. Butler (1991), 61 Ohio St.3d 592, 575 N.E.2d 833.
 {¶ 19} Therefore, the first and third assignments of error are overruled.
 {¶ 20} In the second assignment of error, appellants argue that the State should be found in contempt of court because it sought out federal authorities to seize appellants' money. The content of appellants' argument, however, does not address the assignment of error. App. R. 12(A)(2) provides:
The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required by App. R. 16(A).
 {¶ 21} Further, if an argument exists that can support the assignment of error, it is not this court's duty to root it out.Citta-Pietrolungo v. Pietrolungo, Cuyahoga App. No. 85536,2005-Ohio-4814, citing Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673. Appellants have also failed to cite any relevant legal authority in support of their argument. This court will not make their argument for them. Because appellants have failed to make an argument relevant to the second assignment of error or to cite any relevant legal authority, this court will not address the second assignment of error.
 {¶ 22} Accordingly, the second assignment of error is overruled.
Judgment affirmed.
Karpinski, J. concurs (see separate opinion)
 McMonagle, J. concurs in judgment only (see separate opinion).